### BRUSH *against* BOGARDUS.

IN error, on *certiorari*, from a justice's court. *Bogardus*, the defendant in error, sued *Brush* before the justice, for two dollars of debt. The defendant pleaded *nil debet;* and there was a trial by jury.

*Brush* was president of a court martial held at *Poughkeepsie*, the 24th *October*, 1810, and exacted from *Bogardus* a fine of two dollars, for his non-attendance at the battalion or regimental parade, on the 15th of *September*, 1810. *Bogardus* alleged that he was not liable, by law, to do military duty.

*Brush*, in his justification, gave in evidence the act of congress, (*Laws*, vol. 2. p. 92.) passed *May* 8, 1792, (2d *cong.* 1st sess. c. 33.) and also the law of this state, *passed April* 2, 1810, (33d sess. c. 121. s. 24.) by which it is provided, among other things, that if the delinquent is a person employed in the coasting trade, the fine shall not be increased.

The plaintiff produced a permanent enrolment of the sloop *Cornelia*, of *Poughkeepsie*, as a coasting vessel, and a license for her, to the plaintiff, for one year, dated 18th of *October*, 1810. The plaintiff also proved that he had sailed in the said sloop, as master, since the year 1807, and produced a return of the seamen, dated *October* 18, 1810. The plaintiff relied also on the 2d section of the act of congress, (2d *cong.* 1st sess. c. 33.) which exempts from militia duty " all mariners actually employed in the sea service of any citizen or merchant, within the *United States;* and all persons who now are, or may hereafter be exempted by the laws of the respective states." He also produced the *second* section of the act for the relief of sick and disabled seamen, (*Laws of the United States*, vol. 4. p. 223.) passed *July* 17, 1798, (5th

The master of a sloop sailing on the *Hudson* river, between *Poughkeepsie* and *New-York*, enrolled as a coasting vessel, and sailing under a license, is not a mariner employed in the sea service, and exempt from militia duty, within the purview of the *second* section of the act of congress, (2d *cong.* 1st sess. c. 33.) passed *May* 8, 1792, but is liable to militia duty, under the laws of this state. Whether the decision of a court martial, under the militia law, on a question of which they have due cognisance, can be reviewed or traversed in a collateral action? *Quære.*

NEW-YORK,
May, 1811.

BRUSH
v.
BOGARDUS.

*cong.* 2d sess. c. 94.) by which all seamen employed on board of licensed coasters are compelled to pay hospital money, in the same manner as seamen employed in foreign trade, and the masters are required to make returns of them to the collectors; also another act, on the same subject, (vol. 6. p. 174.) passed *May* 3, 1802, (7th *cong.* 1st sess. c. 51.) which provides, that all seamen, or persons employed on board of coasters, rafts and flats, going down the *Mississippi* to *New Orleans,* shall be considered as seamen of the *United States,* and entitled to hospital relief. The plaintiff also read in evidence the second section of the act of congress, passed the 18th of *February,* 1793, (*Laws of the U. States,* vol. 2. 168. 2d *cong.* 2d sess. c. 8.) by which coasting vessels enrolled have the same qualifications, and are subject to the same requisites, as registered ships.

The defendant objected, that though he gave a receipt for the money, he was not responsible individually, having acted only as president of the court martial; but this objection was overruled by the justice. The defendant proved that the plaintiff was within the regimental district, and had regular notice to attend the parade, and that having been returned as a delinquent, was fined by the court.

The justice charged the jury, that under the laws of this state the fine had been duly assessed; and if the jury thought there was nothing contrary to the laws of the *United States,* they ought to find for the defendant; but that it appeared from the practice of the custom-house, that the plaintiff and the crew of the sloop were considered as seamen under the act of congress; and if the jury were of that opinion, they ought to find for the plaintiff.

It appeared, also, that the court martial was duly constituted, and that *Bogardus* appeared before the court and made his defence, which was, that he was master of the sloop *Cornelia,* having a coasting license, and, as a

seaman, was exempt from militia duty, by the laws of the United States.

The jury found a verdict for the plaintiff, on which the justice gave judgment.

The cause was submitted to the court, on the return to the *certiorari*, without argument.

*Per Curiam.* The plaintiff below claimed exemption from militia duty because he commanded a sloop which sailed on the *Hudson* river, between *Poughkeepsie* and *New-York.* The exemption in the act of congress, (*Laws U. States*, vol. 2. 93.) applicable to the case, is, " of all mariners actually employed in the sea service of any citizen or merchant within the *United States*." The plaintiff was certainly not a mariner within the purview of this act, for he had nothing to do with the sea service. The act of this state (33d sess. c. 121. s. 24.) adopts this construction; for it admits expressly, that " persons employed in the coasting trade" are not to be exempted from duty, and the consequent penalty for omission to perform it. This point is sufficient to reverse the judgment, and the court, therefore, forbear to give an opinion, whether the decision of a court martial, on a question of which they have due cognisance, can ever be reviewed or traversed in a collateral action. The judgment below must be reversed.