FERRIS *against* ARMSTRONG.

A. being a private in an artillery company, in the city of *New-York*, received from B., the captain, a certificate of discharge, in the usual form, signed by the captain, but not countersigned by the commandant of the regiment, and C. who was then lieutenant of the same company, knew that A. had this certificate; B. having resigned, C. succeeded him in the command of the company, and A.'s name not having been struck off of the company roll, C. returned him to the regimental court-martial as a delinquent, at several parades; A. did not attend the court-martial, relying on his certificate, for an exemption, and was fined by the court for his delinquency.

A. brought an action on the case against C. for falsely and maliciously returning him, as a delinquent, by reason whereof he was compelled to pay a fine, &c. It was *held* that the action was not maintainable, it being the duty of C. to return A. as a delinquent, and leave it to the court to decide on the validity of his discharge; and A. having had an opportunity to make his defence before the court-martial, the decision of that court was conclusive that C. had not made a false and malicious return of the delinquency of A.

IN ERROR, on *certiorari*, from a justice's court. *Armstrong* brought an action against *Ferris* before the justice. *Ferris* was captain of a company of artillery, in the 3d regiment of artillery in the city of *New-York*, and the plaintiff below, *Armstrong*, was a private in that company. The plaintiff declared in a special action upon the case, against *Ferris*, for falsely and maliciously returning him to the regimental court-martial as a delinquent member of the company, at several parades, by reason whereof he was fined by the court-martial.

Upon the trial, *Armstrong* relied upon a certificate of discharge, signed by *Stephen Scudder*, as captain, on the 17th *October*, 1809, and while *Ferris* was a lieutenant of the company, then under *Scudder's* command, and the existence of which certificate was known to *Ferris* when he made the return. The name of *Armstrong* stood upon the company roll under *Scudder*, as a member, and had not been erased, or marked as discharged. The certificate had never been countersigned by the commandant of the regiment, nor had any new company roll been subscribed under *Ferris.*

The cause was submitted to the court without argument.

*Per Curiam.* The facts in this case furnish no colour for the action. If *Armstrong* was a delinquent member, it was the duty of the captain to return him as such, and he would have subjected himself to grievous penalties if he had omitted this duty. (Sess. 32. c. 165. s. 65.) *Armstrong* remained as a member on the company roll which the captain had received from his predecessor, and it was not for him, but for the court-martial, to judge of the validity of the assumed discharge. *Armstrong* was entitled to have made his defence, and it is to be presumed he had due opportunity to make it, before the court-martial, and if he could have shown that he was no longer a member of the company, he would have been acquitted and not fined. The decision of the court-martial is conclusive that *Ferris* had not made a false and malicious return of him, as a delinquent. But it was admitted that the certificate of *Scudder* was of no effect or validity, for want of the signature of the colonel; and upon inspecting the acts relative to the regiments of artillery in the city of *New-York*, and particularly the act of 27th *March*, 1807, (c. 71.) organizing the regiment of artillery to which *Armstrong* belonged, it would seem to be the better opinion, that he was not entitled to his discharge. However, it is not necessary, in this case, to decide that point. It is sufficient that *Armstrong* had not obtained the requisite signatures to render his certificate valid; and that the competent tribunal adjudged him a delinquent.

Judgment reversed.