IN ERROR.
•••••
ALBANY,
April, 1814.

WILBUR
v.
GRACE.

\* April 7, 1814.

Judgment of reversal.

---

SOLOMON WILBUR, JUN.                    *Plaintiff in error,*

*against*

LAWRENCE GRACE, JUN.                    *Defendant in error.*

If a person under the age of eighteen years, who is not liable to military duty, *voluntarily* enters the service, as a soldier, and being in actual military service, deserts, he may be lawfully arrested as a *deserter ;* and a person arresting him is not liable to an action.
\* *Webster's* ed. *Laws,* vol. 5. p. 535.

This cause came before this court on a writ of error from the supreme court. For the facts and the judgment of the supreme court in the case, see vol. X. p. 453—455.

*J. Russell,* for the plaintiff in error, contended, that persons under the age of 18 years, might be enrolled in the militia, and unless they applied for relief, and to be discharged, according to the statute, they would be subject to the orders of their commander. The 8th section of the statute (*sess.* 32. *ch.* 165.\*) to organize the militia, passed the 29th *March,* 1809, declares that the age and ability of any person to bear arms shall be determined by the captain or commanding officer of the company, with the right of appeal to the commandant of the regiment. If a person thus enrolled is not discharged, and can be compelled to do military duty, he must be equally liable to

military service, when he enters *voluntarily.* Though the enrolment be erroneous, yet the officer acting under competent legal authority, cannot be liable to an action. This principle is laid down in *Wilkins* v. *Despard,** and was recognised by KENT, J. in the case of *Henderson* v. *Brown.*†

In the present case there was a jurisdiction over the subject matter, and a right of appeal to the party aggrieved.

Again, the defendant having *voluntarily* joined the militia in the service of the *United States,* he was, *in fact,* a soldier of the *United States,* and the law of congress on the subject applied to him. He was employed in the service of the *United States,* and entitled to pay, and subject to the rules and articles of war.

The acts of infants are not, in all cases, void.‡

*Foot* and *Paine,* contra, insisted that the officers of the militia had no jurisdiction or authority whatever over persons under the age of 18 years, or over 45 years. If the defendant in error was not within the laws of this state or of the *United States,* relative to the militia, the argument on the other side wholly failed. These laws say only that all white male citizens, above *eighteen,* and under forty-five years of age, shall be *enrolled,* &c. There is no proof, in this case, that the defendant in error ever was enrolled. How, then, can he be deemed a *militia man ?* If persons not within the ages defined by the statute, being enrolled, may be subjected to military service, as well may *females,* who should be enrolled, or who should *volunteer,* unless they were discharged, or appealed to the commanding officer, be made subject to military duty.

Again, the *order* of the governor was to Captain *Lyon's* company, &c. It did not order out any *infants* or *substitutes.* The defendant in error did not belong to Captain *Lyon's* company. *Bennet* was the person ordered into service.

On the ground of contract, the defendant cannot be bound at all, except for necessaries. The law is clear and settled on this subject.§ The moment an infant dissents from his contract, he cannot be compelled to a performance. The consent of the father or mother does not alter the case; nor can it give any force or validity to the agreement. Nor did the laws or government of the *United States* authorize such an agreement.

*IN ERROR.*

ALBANY,
April, 1814.

WILBUR
v.
GRACE.

* 5 *Term Rep.* 112.
† 1 *Caines' Rep.* 102.

‡ 3 *Burr. Rep.* 1717. 1802.

§ *Cro. Jac.* 494.
3 *Caines' Rep.* 333.

IN ERROR.
.....
ALBANY,
April, 1814.

WILBUR
v.
GRACE.

*Russell*, in reply. The statute, it is true, directs all male persons, above eighteen and under forty-five years of age, to be enrolled; but the commanding officer is constituted the *judge* of the *age and ability* of such persons. The term *enrolling* is merely directory. Such as *voluntarily* enter the companies of light infantry, &c., belong to the companies, as much as if they had been first enrolled.

The 69th section of the militia act authorizes the commandants of companies, when there is an order for a draft from the militia, to accept *substitutes* in place of the persons drafted. There is no reason for any distinction, in this respect, in case the whole company is ordered into service, without any draft being made.

That Colonel *Vosburgh* had jurisdiction in this case, is clear, from the principle established in the case of *Henderson* v. *Brown*, and which is well laid down by *Thompson*, J. Here was a legal and proper warrant from the commandant of the regiment, and the plaintiff in error was acting under it, by request of Captain *Lyon*, ministerially. A *ministerial* officer is always protected, unless the insufficiency of his authority appears in the warrant or order, under which he acts. It does not appear that the plaintiff in error knew, or had any intimation, that the defendant in error was under eighteen years of age. Captain *Lyon*, who is entitled to credit, denied any such notice.

P. W. RADCLIFF, Senator. The real question in this cause is not whether an infant under the age of eighteen years, enrolled in the militia, and neglecting to avail himself of his right to appeal to the commandant of his regiment, is or is not, until such appeal, liable to military service. It does not appear by the case, nor was it alleged on the argument, that the defendant ever resided within the bounds of Captain *Lyon's* company, or was even enrolled, or liable to be enrolled, therein. On the contrary, it does distinctly appear that another person belonging to that company, when it was about to march on a tour of duty to the frontiers, applied to this defendant, and, for a reward stipulated between them, induced him to agree, with the consent of the captain, expressly obtained for that purpose, to take his place in the ranks, as a substitute for the former. This was the first moment at which he appears to have had any connexion

whatever with the company. The question, therefore, is, whether an infant under the age of twenty-one years (no matter whether under eighteen or not) is bound by his *contract* to serve as a substitute in a company of militia, ordered out upon public duty.

*IN ERROR,*
.....
ALBANY,
April, 1814.

WILBUR
v.
GRACE.

The general doctrine, with respect to the liability of infants upon contracts, is perfectly well settled, and universally understood. It is, that no such contract is binding, unless made for necessaries, or authorized by statute. If, indeed, the infant choose to carry it into effect, he shall be permitted to do so, for his own advantage, and while he continues in the execution of it, it shall be deemed a valid performance. But the moment he chooses to recede from it, and acts upon a determination to do so, its obligation ceases, and he is wholly absolved. These principles are applicable here, and are perfectly decisive of the question before the court.

The defendant having voluntarily marched with the company to the place designated in the orders, the officers under whose command he acted, would, undoubtedly, be held justified for any restraint imposed, or discipline inflicted upon him while he continued in service. But the moment he chose to avail himself of his right to withdraw from that service, their right to control him ceased, and there was an end of the contract. It follows, that the plaintiff, acting under the advertisement of the colonel, could have no right to take him as a deserter, and, consequently, that the decision in the court below was, in all respects, correct.

It has been argued that the contract was made with the consent and approbation of the father, who even received a part of the consideration for it, and that it is, *therefore*, to be held obligatory. But this was not an *enlistment* under the laws of congress, allowing in certain cases the enlistment of minors with the consent of their parents, masters, or guardians. It cannot, therefore, be supported on that ground. Nor can the father's consent, in any view of the case, give it validity, or in any way affect the question. It was still the contract of an *infant*, and void, because relating to a subject on which he was incapable of binding himself. And even if it could be regarded as a contract of the *father*, it would be equally void, as

IN ERROR.
.....
ALBANY,
April, 1814.

WILBUR
v.
GRACE.

against the son, and, therefore, equally unavailing here; a parent having clearly no right to bind his son to *military service*.

The judgment of the court below ought, in my opinion, to be affirmed.

COCHRAN, JONES, WENDELL, and STEWART, Senators, were of the same opinion.

SANFORD, Senator. A person not liable to military duty, voluntarily enters the service, as a soldier, and being actually in military service, deserts. Can he be apprehended as a deserter? This is the sole question in the cause. The question is not whether the contract is valid, or void; nor is it whether the soldier is entitled to be discharged from the service or not. The contract may be void, and he may be entitled to his discharge; but it does not follow that he is to be his own judge, and to discharge himself by desertion. Any person detained by military authority, or military force, may obtain his discharge, if he is entitled to it, by application to the proper civil authorities. But a soldier, in actual service, cannot be allowed to desert, at pleasure. The right to detain him, and to arrest him, if he deserts, results directly and necessarily from the laws of the *United States* and of this state, concerning the militia, and military service. The apprehension of this deserter was, therefore, lawful, and the action cannot be maintained.

The judgment of the supreme court ought to be reversed.

*April 7, 1814.
For revers-
ing, 17. For
affirming, 5.
A majority of the court* being of the same opinion, it was, thereupon, ORDERED and ADJUDGED, that the judgment of the supreme court be reversed, &c.

Judgment of reversal.