## WILLIAM H. CLOUTMAN *vs.* JOHN L. PIKE.

A collector of taxes may, with assent of a town, resign his office.

In an action of trespass against a collector of taxes, for making a distress for taxes granted by the town, in order to justify the distress he must show a tax legally granted; otherwise he fails in an essential point.

TRESPASS for taking a chaise of the plaintiff, on the 2d of July, 1832. The defendant pleaded the general issue, and gave notice that he should justify the taking of the chaise as a distress for taxes assessed upon the plaintiff in the town of Middleton, for the year 1831, he, the defendant, being collector of taxes. The cause was tried at January term, 1833.

It appeared, that at the annual town meeting in Middleton, in March, 1831, one David Davis was chosen collector: That a list of taxes, among which was the tax for which the chaise was taken and sold, was committed to Davis, who kept the same until the first Monday in August, 1831, when at a legal town meeting he resigned the office of collector, and his resignation was accepted by the town; and that thereupon the defendant was chosen collector, and sworn. A new warrant was made out and delivered to the defendant, but no list of taxes was annexed to the warrant. It, however, appeared that a list of taxes to which the warrant referred, was delivered to the defendant with the warrant.

The selectmen who issued the warrant to the defendant were duly chosen and sworn; and the plaintiff, in 1831, was an inhabitant of Middleton. But there was no evidence of a grant of any tax in Middleton in the year 1831 beyond what resulted from the defendant's warrant from the selectmen.

The plaintiff offered to prove, that the tax for which the distress was made, was granted by the town, in March,

1831, for the purpose of building a stone pound, and was originally voted to be paid in labor: That at the meeting of the town, in March, 1832, it was voted to reconsider the vote to build the pound by a tax to be paid in labor, and voted to grant a tax in money for the purpose: That before this last vote, the plaintiff removed from the town, and that the distress was made because the tax was not paid in money. But this evidence was rejected by the court, and a verdict taken for the defendant, subject to the opinion of the court upon the above case.

*Kimball* and *Hale*, for the plaintiff.

*Eastman*, for the defendant.

RICHARDSON, C. J., delivered the opinion of the court. It is made a question in this case, whether Davis could, with the assent of the town, resign the office of collector, so that another could be legally chosen. Whenever a collector dies, absconds, or becomes *non compos mentis*, the statute gives the town authority to elect a new one. 1 *Laws*, 456.

But these are not the only instances in which a new collector may be elected. If a collector becomes incapable of discharging the duties of his office, by reason of any bodily infirmity, or if he commit a crime, and is sent to the State's prison, in these cases he may be removed, and another appointed. *Comyn's Digest*, "*Franchises*," F 31; 1 *Burrows*, 537; 11 *Coke*, 99; 2 *D. & E.* 772, *The King* vs. *Heaven*; *Angell on Corporations*, 248—254.

And every corporation has an incidental power of accepting the resignation of its officers. *Comyn's Digest*, "*Franchises*," F 30; *Angell on Corporations*, 255; 2 *Salkeld*, 433, *The King* vs. *The Mayor of Rippon*; 2 *Roll's Abr.* 456.

A resignation may be either express or implied. Thus,

if a town officer removes from a town, it is an implied resignation.

So an acceptance of the resignation may be either express or implied; and the election of a new officer, and thus treating the office as vacant, is an implied acceptance of the resignation. *Angell on Corporations,* 255.

There seems, then, to be no doubt, that the defendant was duly elected collector.

The next question is, whether the defendant showed an authority to make a distress in this case.

In order to give a right to distrain in a case of this kind, it has generally been understood that it must appear that a tax was legally granted : that the selectmen who assessed it were in office under color, at least, of an election : that the person taxed was liable by law to be taxed : that the collector was duly chosen and sworn, and that he had a proper warrant.

When all this is shown, the warrant will protect the collector, and he is not answerable for any irregularity in the doings of the selectmen. 4 *N. H. R.* 480—481 ; 12 *John.* 257, *Smith* vs. *Shaw ;* 4 *Cowen,* 556 ; 10 *Mass. R.* 119 ; 13 *do.* 288 ; 2 *Greenleaf,* 377 ; 3 *Cranch,* 331 ; 17 *Mass. Rep.* 53.

But it is said to be enough to justify a collector, in making a distress for taxes, to show that he is a legal collector, and has a warrant.

Let us see how this is.

The general rule is stated, 10 *Coke,* 76, *in the case of the Marshalsea.* When a court has jurisdiction of the cause, but proceeds erroneously, then neither the party who sues, nor the officer who executes, the process of the court, is liable to an action. But when the court has no jurisdiction of the cause, then the whole proceeding is *coram non judice,* and actions will lie against the party and the officer.

To make, however, the process of one who has not a general, but a particular jurisdiction, a justification for him

who executes it, it must appear that he who issued the process had jurisdiction in the particular case in which the process issued.

This rule was applied in the case of *Nichols* vs. *Walker and Carter, Croke Charles*, 394. This was an action of trespass for entering the plaintiff's house, and taking away his goods. Carter was a church-warden, and Walker an overseer of the poor of the parish of Hatfield; and they attempted to justify what had been done, under a warrant from three justices of the peace, requiring them to collect a poor rate which had been assessed upon the plaintiff. It turned out in evidence, that the plaintiff was not liable to be taxed. It was contended, that as the defendants acted under a warrant from the justices, they were excused. But it was decided, that the rate not being legally assessed upon the plaintiff, the warrant could not justify the defendants. The court said—"It is not like the case where an officer 'makes an arrest by warrant out of the King's court, which, 'if it be error, the officer must not contradict, because the 'court hath general jurisdiction; but here the justices of 'the peace have but a particular jurisdiction to make war-'rants to levy rates well assessed."

In *Harrison* vs. *Bulwicke and a.*, 1 *H. Blackstone*, 68, the action was trespass for taking goods, brought against the commissioners and collectors of the land tax, for collecting a tax upon a house. It turned out that the house was not liable to the land tax, and judgment was rendered against the defendants.

The same rule is recognized 4 *D. & E.* 2 *and* 4; 8 *D. & E.* 468 *and* 424; 5 *East* 445; *Hardres* 480; 2 *Wilson* 384; 7 *Bingham* 312; 3 *B. & A.* 330; 11 *East* 167; 4 *Taunton* 635.

Indeed, that by the common law, in order to justify a collector in the collection of a tax by distress, there must appear to have been a legal tax, to which the party taxed was liable, is too clear to admit a doubt.

In England, the law is now altered by the statute of the 24 Geo. II. chap. 44; and officers acting under, and in obedience to, a warrant, are, under certain circumstances, protected by the warrant. 2 *Starkie's Ev.* 810; 5 *East,* 445 *and* 233; 7 *D. & E.* 270; 1 *Tidd's Practice,* 74; *Buller's N. P.* 24; 2 *M. & S.* 259; 3 *Espin. N. P. C.* 96; 6 *B. & C.* 232; 3 *C. & P.* 586. But the statute of the 24 George II. was never adopted in this State.

In New-York, there seems to have been some diversity of opinion how far a collector of taxes is protected by his warrant. 1 *Caines' R.* 92, *Henderson* vs. *Brown;* 12 *Johnson,* 267; 3 *Cowen,* 206; 4 *do.* 556; 7 *Cowen,* 269. But in *Suydam* vs. *Keys,* 13 *Johnson,* 444, the case was trover against a collector of taxes for goods seized by him, as a distress for the taxes; and it was decided, that the property of the plaintiff not being liable to taxation, the collector was liable.

In Massachusetts, when the tax has not been legal, the action has been in general brought against the assessors. 4 *Mass. R.* 570, *Thaxter* vs. *Jones;* 11 *do.* 477, *Welles* vs. *Battelle;* 12 *do.* 575; 7 *do.* 236; 13 *do.* 272 *and* 493; 5 *do.* 547; 4 *do.* 305; 5 *do.* 380; 16 *do.* 204 *and* 213; 3 *Mass. R.* 429; 1 *Pick.* 140, 248 *and* 482; 2 *do.* 392 *and* 403; 4 *do.* 399.

In some cases, an opinion has been intimated, that if a collector has a regular warrant, he is protected by it. 13 *Mass. R.* 288, *in Sanford* vs. *Nichols; and* 282, *in Stetson* vs. *Kempton;* 3 *Mass. R.* 427, *in Martin* vs. *Mansfield.*

But no case has been found, where it was decided that a collector is protected by his warrant in all cases.

In *Ruggles* vs. *Kimball,* 12 *Mass. R.* 337; *and in the A. N. F. Company* vs. *Weed,* 17 *do.* 53, the action was trespass against the collector for taking goods as a distress for taxes which the plaintiffs supposed they were not liable to pay. But the question we are now considering was not decided, the causes going off on other grounds.

By the statute of 1823, chap. 138, assessors in Massachusetts are made responsible only for their own fidelity and integrity, and towns are made responsible for illegal taxes assessed and collected by their order.  5 *Pickering* 452. And it certainly merits the consideration of the legislature of this State, whether some change in the law on this subject is not expedient and necessary.

But it is our duty to administer the law as we find it, and not make law.

And we are of opinion in this case, that as the defendant did not show a tax duly voted by the town, he failed in an essential particular, and for this cause the verdict must be set aside.

If, as the plaintiff offered to show, a tax to be paid in labor was granted in March, 1831, and changed in March, 1832, after the plaintiff removed from the town, to a tax to be paid in money, it will deserve very careful consideration whether the proceedings of the defendant were legal.

Every person is to pay his taxes in the town where he resides on the first day of April during that year.  1 *Laws*, 553 ; 1 *Pick.* 140, *Nason* vs. *Whitney.*

No person who removes from a town before the first day of April, in any year, can be legally taxed to any tax voted to be raised after that day.  5 *Pickering* 501 *and* 323 ; 8 *do.* 383.

It is, therefore, very obvious that it is by no means clear that the town could, by vote passed after the plaintiff had ceased to be liable to taxation in the town, change a tax which he was liable to pay in labor into a tax payable in money.

*Verdict set aside, and a new trial granted.*