RICHARD BARRETT *v.* JULIUS CRANE AND LUMAN B. SMITH.

When an inferior court, of limited jurisdiction, exceeds its powers,—not having jurisdiction of the subject matter and of the person of the defendant,— its proceedings are void.

Nothing is *presumed* in favor of the jurisdiction of such a court; but he, who seeks to take advantage of its proceedings, must show affirmatively its jurisdiction.

The regimental court martial, constituted in each regiment by the statute, [Rev. St. 557,] for the collection of fines for delinquency of military duty, is a court of limited and special jurisdiction and powers.

Where that court amerced an *alien* in a fine for non-performance of military duty, their warrant was held no justification to the officer executing it.

But, if a court of special and limited powers have *jurisdiction* in the case before them, and the defect is in their *proceedings* merely, their warrant will justify the officer who executes it. BENNETT, J.

TRESPASS for false imprisonment.

The defendant Crane pleaded that he was quarter-master of the 7th regiment of the militia of this state, and, as such, was by law "authorized and required to execute all processes issued by lawful authority." That, on the first day of July, 1841, he received from the senior officer of said regiment an execution, in due form of law, reciting that the plaintiff had, by the field officers of said regiment, been amerced in a fine of $2,00 for delinquency of military duty, and that, in pursuance of the command in said execution, and within its life, he, for want of other means of collecting the amount due, arrested the plaintiff and committed him to jail; and that this was the alledged trespass complained of.

The plaintiff replied, that, at the time of his enrolment in the militia of this State, and of the warning to perform military duty, the non-compliance with which constituted the delinquency complained of, he was not a citizen of this State, or of either of the United States, residing within this state. To this replication the defendant demurred generally. The county court rendered judgment that the replication was sufficient, to which the defendant excepted.

*C. Linsley* for defendant.

1. The tribunals established by our laws, for the assessment and collection of fines for delinquencies of military duty, are not courts martial.

The latter are modes of proceeding independent of the common law or statutory enactment, and are purely of military growth, in opposition to and in defiance of all the ordinary modes of process and rules of law. The courts established by our laws relating to the militia are courts having entire and exclusive jurisdiction of the several matters committed to them by the provisions of the statute.

2. These courts are not courts of special and limited jurisdic-

tion, in the sense in which those terms are used by the English courts and writers.

The inferior courts in England, which were justly obnoxious to the courts of common law, were courts established by grant from the crown, as a personal privilege to some distinguished favorite, or powerful baron. Within many of these petty jurisdictions the ordinary process of the King's court was held to be a nullity, and destitute of power. But the courts under consideration operate over the whole State; they are the officers of the law, and have sole and exclusive jurisdiction of the matters in relation to which they are called to act; and are courts of record. *Raymond* v. *Southerland,* 3 Vt. 504.

3. Even if the judgment of the court were erroneous, the *officer,* executing the process, is not responsible.

Is he to try over again the causes determined by his superiors, before he executes their process, and gravely decide, from the evidence before *him,* that the man fined was not subject to military duty? The necessity of protecting an executive officer for executing a process regular on the face of it, issuing from competent authority, in relation to matters over which such authority has general jurisdiction, is as apparent, as the injustice and barbarism of a contrary rule would be glaring and undeniable. *Gage* v. *Barnes,* 11 Vt. 195.

The case of *Wise* v. *Withers,* 3 Cranch 331, is considered as an authority in point in favor of the plaintiff. That case appears to be entirely unsatisfactory. The leading question with the court was, whether a justice of the peace is a judicial officer. The point raised in this case is dismissed with a few words, which are naked assertions, without referring to any authority. The court say, " it is a principle that the decision of such a tribunal, in a case *clearly without its jurisdiction,* cannot protect the officer who executes it." What meaning was intended to be given to the phrase " in a case clearly without its jurisdiction," it is difficult to determine. In a case so clearly without the jurisdiction of the court, as that it might be intended that they acted maliciously, the principle that the *court* might be treated as trespassers would be more tolerable. But, if the principle contended for in this case is to be established, then it is immaterial whether the exemption was clear or doubtful; for the

Barrett *v.* Crane et al.

proposition is, that another tribunal shall try the question over, and the first court are to be treated as trespassers in all cases, when the last do not coincide with them in opinion. *Wilbur* v. *Grace,* 12 Johns. 68, *Vanderbilt* v. *Downing,* 11 Ib. 84. *Ferris* v. *Armstrong,* 10 Ib. 100. *Brush* v. *Bogardus,* 8 Ib. 157.

*E. D. Barber* for plaintiff.

The jurisdiction of militia officers is a special and limited one ; and, in regard to such tribunals, it is a general rule, that, in order to justify under their proceedings, every fact necessary to give them jurisdiction must be substantiated. Sw. Dig. 656. 1 Burr. 377. 4 Burr. 2244. 2 Mass. 213. 2 Johns. Cas. 49. And, when they exceed their powers, their whole proceedings are void, and all concerned in them are trespassers. *Walbridge* v. *Hall,* 3 Vt. 114. *Bates* v. *Hazeltine,* 1 Vt. 81. 13 Johns. 444. 1 Saund. 74, and notes. *Borden* v. *Fitch,* 15 Johns. 141. 19 Johns. 33. 2 W. Bl. 1145. And they must have jurisdiction *both* of the subject matter and the person. 11 Cow. 472. 10 Cow. 329.

When militia officers, in the assessment and collection of fines, assume jurisdiction over persons to whom the statute giving them their authority does not extend, or who are, by the statute, expressly and permanently exempted from military duty, their whole proceedings are void, and afford no justification to persons acting under them. Royce, J., in *Warner* v. *Stockwell,* 9 Vt. 9. *Darling* v. *Bowen,* 10 Vt. 148. *Wise* v. *Withers,* 3 Cranch 331. 19 Johns. 33. *Walker* v. *Vail et al.,* decided in Washington Co., April term, 1839.

There can be no intendment in favor of the jurisdiction of courts of a limited jurisdiction, and those who claim under their proceedings are bound to show affirmatively that they had jurisdiction. Parsons, Ch. J., in *Bridge* v. *Ford,* 4 Mass. 643. 1 Saund. 74, and notes. 2 W. Bl. 1145. 15 Johns. 141. Spencer, Ch. J., in 19 Johns. 33. 5 Cond. R. 662.

The opinion of the court was delivered by

Bennett, J. The first section of the statute relative to the militia, (Rev. Stat. p. 557,) with certain exceptions, subjects each and every able bodied citizen of this state, or of the United States,

32

residing within this state, to military duty. We have no law which subjects an *alien* to enrolment, or military duty. It stands admitted by the pleadings, that the plaintiff was not, at the time of the alleged enrolment and delinquency, a citizen of this, or of the United States. No question comes before us as to the defendant, Smith; and we are only called upon to pass upon the justification of the quartermaster, who executed the warrant.

It is too well settled to need authority, that, in cases in which an inferior court of limited jurisdiction exceeds its powers, having no jurisdiction of the subject matter, or of the person of the defendant, the whole proceedings are *coram non judice*, and void, and can furnish no justification to the court, or to the party who procured them to be had. But the important question in this case is, can the officer who executed the process stand in any better situation than the senior officer of the regiment who issued the warrant? The plaintiff was not subject to perform military duty, and in no way amenable to a court martial; and, though a court martial has jurisdiction over the *subject matter* of delinquencies in military duty in general, yet, having no jurisdiction over the *person* of this plaintiff, I cannot well see how it can be claimed that it has jurisdiction of the *particular* delinquency, imputed to the plaintiff in this instance.

The case of *Wise* v. *Withers*, 3 Cranch 331, is a direct authority in favor of the judgment of the county court. The plaintiff, in that case, was exempted from military duty. The action was against the officer who executed the warrant, and it was held that the court martial had no jurisdiction over him, and that he could not be legally enrolled. The court say, in that case, " it is a principle well established, that a decision of such a tribunal, in a case without its jurisdiction, cannot protect the officer who executes it ;" and that the court and the officer were all trespassers. This case, in the argument, is denied to be law, and, since it has been so seriously questioned, it may not be amiss to see how it stands with authority.

It would seem, that little reflection would satisfy the mind, that a court martial is a court of limited and special jurisdiction, created for temporary and special purposes, and, when those purposes have been answered, it is dissolved; and. it is limited in its powers to particular offences and offenders.. While they act within the scope of their authority, they are, no doubt, protected from suits for their

errors, and their determination cannot be impeached collaterally. The leading case is that of *The Marshalsea*, 10 Co. R. 76. It was there held, that, when none of the parties were of the king's household, a judgment in the *Marshalsea* might be avoided by plea, without any writ of error, and that in such case all the proceedings were *coram non judice*, because the court *exceeded their powers*. In that case, the action was against those who acted under the warrant of the court, yet it was held not to be a justification for them. It is said, p. 77, that the same law obtains, if they hold their court out of the verge. In *Nichols* v. *Walker et al.*, Cro. Car. 394, a poor rate had been unduly assessed upon a person *not an inhabitant of the place*, and it was held that the warrant of the justices did not excuse the collector, upon the ground that the justices had but a particular jurisdiction, to make warrants for the collection of rates *well assessed*. In that case, there was no jurisdiction over the person. So in *Harrison* v. *Bulcock et al.*, 1 H. Bl. 68, a land tax was assessed upon a house not liable to be taxed, and judgment was given against the commissioners and the collector in an action of trespass for taking property to pay the tax. So in *Mayor* v. *Knowler*, 4 Taunt. 635, in a like case, judgment was given against the collector, though he had levied the rate under a regular warrant of distress.

The case of *Brown* v. *Compton*, 8 T. R. 431, is strongly in point. An act was passed in the reign of George III, authorizing the justices, under certain circumstances, to discharge insolvent debtors " at the first or second general quarter session, or general session, *to be holden* after the passage of the act, or some adjournment thereof." At an adjourned session, held just after the act was passed,—the adjournment being of a session held previous to its passage,—the justices of sessions ordered the keepers of the sheriff's prison to discharge an *insolvent*. It was held that the justices, at *such an adjourned* session, had no jurisdiction, and that the officer could not justify the discharge of the insolvent, under the order of the session. This case was much considered, and it was insisted, that, at all events, the *officer* should be justified in obeying the order. But the court held otherwise, and considered *The Marshalsea* case as the fundamental law upon this subject, and that the whole current of authority had been in unison with it. In *Cloutman* v. *Pike*, 7 N. H. Rep. 211, RICHARDSON, Ch. J., lays down the rule to be, that, to

Barrett *v.* Crane et al.

make a process of a court of a particular jurisdiction a justification to him who executes it, it must appear that he who issued the process had jurisdiction in the particular case, in which it issued.

The case of *Suydam et al.* v. *Keyes,* 13 Johns. 444, goes the whole length to sustain the decision of the court below. By a statute of New York the inhabitants of a school district were authorized to vote a tax upon its *resident inhabitants,* and to chose three trustees to make a rate bill, so as to raise the sum voted, &c., and the rate bill was to be attached to the warrant which issued to the collector of the district. The tax was regularly voted, and the rate bill made, and the warrant was issued by the trustees, with the rate bill annexed, and the plaintiffs in that action were set down *as inhabitants* of the district, with the tax assessed to them, according to the prescribed form of the statute. The plaintiffs, however, were not *inhabitants* of the district, in point of fact, but resided in the city of New York. It was held that the collector could not justify under the warrant. The trustees, it is said, had but a special and limited authority; and, by assuming to tax the plaintiffs when *not resident inhabitants* of the district, there was a want of jurisdiction, and the subordinate officer was bound to see that he acted within the scope of the legal powers of those, under whose command he attempted to justify. In this case, so far as it appeared from the rate bill, which was annexed to the warrant, the plaintiffs were duly assessed, but this did not aid the collector. So in *Bates* v. *Hazelton,* 1 Vt. 81, it was held that the collector of a school district could not rely upon his warrant alone as a justification; and the case proceeds upon the ground, that he, who justifies under a court of limited jurisdiction, must show every fact necessary to give that court jurisdiction. Indeed, it seems well settled, that nothing is presumed in favor of the jurisdiction of courts of limited and special powers; but he, who seeks to derive advantage from their proceedings, must show *affirmatively* their jurisdiction. See 1 Cowen & Hill's Notes, p. 487, n. 376, and authorities there cited.

In the case of *Blood* v. *Sayre,* decided at the adjourned term of the supreme court in Windsor county, 1843, in which the plaintiff had been taxed, when he was not within the jurisdiction of the listers, it was held that the collector could not justify under his warrant, and he was made liable in an action of trespass for taking

property to pay the tax.   The cases of *Williams* v. *Prichard,* 4 T. R. 2, and of *Edington* v. *Borman,* 4 T. R. 4, are cases in which the plaintiffs had been taxed for property not liable to be assessed, and the defendant had regularly distrained for the non-payment of the taxes.   The plaintiffs in each case had judgment against the collectors, though no question was made as to their liability, provided the property was not taxable.   In *Jones* v. *Vaughan et al.,* 5 East 447, it was held the officer in a like case could justify under his warrant by reason of the statute of the 24th George II, but it was conceded, that, had it not been for the statute, the defendant would have been equally liable with the magistrate who issued the warrant.

In *Smith* v. *Shaw,* 12 Johns. 257, it appears that Shaw was a native of Scotland, but had become a naturalized citizen of the United States at the time of his arrest, and, during the last war between this country and England, he was brought before a court-martial upon the charge of being a spy, as well as upon other charges for which he was not amenable to a court martial, and, as it turned out that he was a naturalized citizen, he was held not amenable upon the charge of being a spy, though the military court had jurisdiction of that offence ; and it was held that the court martial had no cognisance over him, and that he could not be detained to try the question whether he was a citizen of the United States, or not, and that Smith, who was the commanding officer at Sacket's Harbor, could stand in no better situation than the officer of the United States' army, by whom Shaw had been committed to the officer commanding the provost guard at that place.

In *Borden* v. *Fitch,* 15 Johns. 121, it was held that the court must not only have jurisdiction of the subject matter, but of the person of the parties, to render its proceedings valid, and that, if it has no jurisdiction of the person, its proceedings are absolutely *void.*   It is true, that the person who wished to avail himself of the proceedings was a party to them, and the case then before the court was not that of an officer, who might have executed the process of the court, issued upon such proceedings.   The principle, however, is laid down in general terms, without qualification, that in such case the proceedings are *absolutely void,* and unavailable for any purpose.   The case of *Cable* v. *Cooper,* 15 Johns. 152,

was this. One Brown had been committed on a *ca. sa.* to the custody of the defendant, the sheriff of Oneida County, and had been discharged by a supreme court commissioner under the *habeas corpus* act. In a suit against the sheriff for an escape, he offered in evidence, in justification, the discharge of Brown upon the *habeas corpus,* but the court held the proceedings *coram non judice,* and no defence to the officer, upon the ground that the power to discharge under the *habeas corpus* act did not relate to a prisoner who was *in execution* by legal process.

In *Mills* v. *Martin,* 19 Johns. 33, the plaintiff had refused to enter the service of the United States, as a soldier in the militia, during the last war with England, and for such refusal a fine had been imposed upon him by a court martial composed of officers of the militia of the state of New York, then in the service of the United States, organized and convened under the acts of Congress. The defendant, *a deputy marshal* of the United States, under the authority of the court martial, had seized and carried away the property of the plaintiff for the purpose of satisfying the fine. It was held that the *militia* of the several states were not subject to *martial law,* unless they were in the *actual* service of the United States; and that courts martial were courts of special and limited jurisdiction, and that, to justify under the judgment and process of such a court, the defendant must show *affirmatively* the jurisdiction of the court. The proceedings were held void for want of jurisdiction, and the officer a trespasser. In this case there was simply a want of jurisdiction as to the *person,* and not of the subject matter. In cases of courts of general jurisdiction, the intendment of law will be that they have jurisdiction, until the contrary appears; but no such intendment can be made in favor of the jurisdiction of courts of special and limited powers.

The case of *Warner* v. *Stockwell et al.,* 9 Vt. 9, is one where the person claiming exemption from military duty had but a temporary bodily infirmity, not open to observation, and it was held that he was rightfully enrolled. But in that case, as well as in the case of *Mills* v. *Martin,* the case of *Wise* v. *Withers* is cited with approbation.

There is a class of cases, in which it has been held, that, though a warrant has been issued to collect a tax of a person *not liable to*

*be assessed,* still it will be a justification to the officer. The ground of the decision in such cases is, that the duty is *imperative* upon the magistrate, who issues his warrant, and hence he acts within his powers, and his command in such a case will justify the officer. The cases of *Beach et al.* v. *Furman,* 9 Johns. 229, and *Prince* v. *Thomas,* 11 Conn. 472, are of this kind. The case of the pound-keeper, *Badkin* v. *Powell et al.,* Cowp. 476, depends upon the same principle. Though the property was wrongfully impounded, yet, as to the pound keeper, he was bound to receive it, it being in the custody of the law, and hence he, acting within his powers, was held to be justified. So in the case of *Olliett* v. *Bessey,* 2 T. Jones 214, though the plaintiff had been arrested by process *without* the jurisdiction of the court, yet, being brought *within the liberty,* he was delivered to the jailer of the liberty, and the jailer was held justified in the detention of the prisoner. Being delivered to him with a good warrant for the arrest, he was bound to keep him.

There is also a class of cases,—where the authority issuing the warrant, or execution, has jurisdiction of the *subject matter,*—which show that the officer who executes it is not bound to inquire into the validity of the *previous proceedings* and of the *process.* The case of *Darling* v. *Bowen,* 10 Vt. 153, asserts this doctrine. *Warner* v. *Shed,* 10 Johns. 138, *Savacool* v. *Boughton,* 5 Wend. 170, and *Hill* v. *Bateman et al.,* 2 Str. 710, are to the same effect. In *Smith* v. *Bouchier et al.,* 2 Str. 993, where the *capias* issued from the judge without the proper oath, the plea of justification was a joint one, and of course *ill;* but it is said by Strange, that, if the plea had not been joint, the officer and jailer might have been excused,—though from the report of the same case, as reported in Cas. Temp. Hardw. page 62, there is no intimation that the officer might have succeeded upon a separate plea; and in the case of *Perkin* v. *Proctor et al.,* 2 Wils. 385, the court deny what Sir John Strange said as to the officer, had he pleaded separately; and they say the whole proceeding was " *coram non judice.*" *Shergold* v. *Holloway,* 2 Str. 1002 favors the same opinion; but if the attachment, or *capias,* is regular upon the face of it, and is issued by a court having jurisdiction of the subject matter of the suit, and having authority, upon complying with certain regulations upon that subject, to issue such a process,

it should, I think, protect an officer who executes it, especially if he is not apprised of any irregularity in issuing it. The jurisdiction being shown, the *officer*, at least, would have a right, *by intendment*, to consider all the pre-requisites, before issuing the process, as complied with. *Parker* v. *Walrood*, 13 Wend. 298, and the same case in the Court of Errors, 16 Wend. 514, go upon this ground. But this will not aid the defendant in a case like the present, where there is a want of *jurisdiction*.

The cases cited and relied upon by the defendant's counsel do not seem to be particularly in point. *Wilbur* v. *Grace*, 12 Johns. 68, simply decides the question, that, where a person, not liable to military duty, has voluntarily entered the service as a soldier, and, while in *actual* service, deserts, he may be apprehended as a deserter. In this case a minor, under eighteen years of age, had, with the consent of the captain, agreed to take the place of a militia man who had been drafted during the last war. The minor, then, had submitted himself to military jurisdiction, by placing himself *in actual* service, as far as it was in the power of a minor to do; and, as it is said by Senator SANFORD, in that case, " a soldier in *actual* service cannot be allowed to desert at pleasure." The case of *Vanderbilt* v. *Downing*, 11 Johns. 83, decides that no action will lie against a captain for returning a *Quaker* to the court martial as a delinquent, he having no notice of the exemption. By the statute of New York, Quakers are not *absolutely* exempted from military duty; but may be exempted upon paying a given sum annually. It then being optional with him, he is not to be exempted unless he elects to pay the requisite sum; and of this he should give notice.

In *Ferris* v. *Armstrong*, in error, 10 Johns. 100, the defendant in error was a private in an artillery company, of which Ferris was the captain, and relied upon a discharge from the preceding captain, but his name still remained upon the roll. In this case there was no want of jurisdiction in the military court. In *Brush* v. *Bogardus*, 8 Johns. 157, the plaintiff was not exempt from military duty under the laws of Congress as a mariner. The case of *Orby* v. *Hales*, 1 Ld. Raym. 3, was where the justices of the quarter sessions had made an order for the discharge of a poor prisoner by virtue of the act of 2 W. & M., which order was not warranted by the statute, and the sheriff discharged the prisoner; yet, it is true,

the order was held a protection to the sheriff in an action for an escape. But this case was expressly overruled by the case of *Brown* v. *Compton*, 8 T. R. 431, and is there said to be against the whole current of authority. It is opposed to the case of *Cable* v. *Cooper*, 15 Johns. 152, and we think is not sound law.

The decision of the county court was in conformity to a decision of this court, in a case in Washington county in 1839, not yet reported. The case of *Wise* v. *Withers*, though it is said by counsel "to be wholly unsatisfactory, and consisting of naked assertions, without authority," we think contains the sound law upon this subject.

The result is, the judgment of the county court is affirmed.