```
                    Vermont Superior Court
                    Environmental Division
                     State of Vermont
```

===============================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
===============================================================================

Linda C. Nordlund.                          Docket No. 42-3-10 Vtec

      v.

Elizabeth M. Van Nostrand; Elizabeth M. Van Nostrand 2007 Trust; Mark L.
   Van Nostrand and Nancy A. Van Nostrand

   (private enforcement action of municipal zoning proceedings)

Title: Motion to Dismiss Defendants' Counterclaims, (Filing No. 1)

Filed:     April 7, 2010

Filed By: Karl W. Neuse, Attorney for Plaintiff Linda C. Nordlund

Response in Opposition filed on 04/20/10 by Defendants Elizabeth M. Van
    Nostrand and the Elizabeth M. Van Nostrand 2007 Trust

Response in Opposition filed on 04/20/10 by Defendants Mark L. and Nancy A.
    Van Nostrand

Reply filed on 05/03/10 by Plaintiff Linda C. Nordlund

_X_ Granted         ___ Denied         ___ Other

    In response to Plaintiff Linda Nordlund's zoning enforcement action under 24 V.S.A. § 4470(b), Defendants Mark and Nancy Van Nostrand and Elizabeth Van Nostrand, both in her personal capacity and in her capacity as trustee of the Elizabeth M. Van Nostrand 2007 Trust, filed counterclaims against Plaintiff.[1] Plaintiff moved to dismiss all counterclaims for lack of subject matter jurisdiction, and Defendants moved to allow their counterclaims. Defendants have also filed motions for summary judgment to dismiss Plaintiff's complaint. A separate Entry Order, also issued today, addresses the motion to dismiss Plaintiff's Complaint; this Entry Order only addresses whether Defendants' counterclaims should be dismissed. For the reasons detailed below, we conclude that Defendants' counterclaims are beyond our jurisdictional authority and must therefore be DISMISSED.

    Any defendant against whom a complaint is filed is entitled to include in their response a counterclaim against the plaintiff. V.R.C.P. 13(a). However, any counterclaim asserted by a defendant in an Environmental Court proceeding must respect the jurisdictional limitations of this Court. Today, in a separate Entry Order, we have determined that Plaintiff Nordlund's claims are beyond the scope of this Court's jurisdiction. Since Defendants' claims against Plaintiff suffer from a similar jurisdictional flaw, we must also conclude that Defendants' counterclaims must be dismissed as a matter of law.

    The Environmental Court is a court of limited jurisdiction and, as such, it only possesses the authority granted to it by the Legislative and Executive branches of our state government. The power of this Court is limited to cases

---

[1] Although Defendants are referred to collectively, we note here that Defendant Elizabeth Van Nostrand and Defendants Mark and Nancy Van Nostrand have separate interests, but have not sought separate trials.

arising under specific statutes. See 4 V.S.A. § 1001. "There is no presumption of jurisdiction as to courts of special and limited powers." Barber v. Chase, 101 Vt. 343, 351 (1928) (citing Barrette v. Crane, 16 Vt. 246, 252, 254 (1844)). The Environmental Court's authority is narrowly defined; we must be diligent in refusing to address matters not within our jurisdiction. "It has long been the law of this State that a court will dismiss a cause at any stage, whether moved by the party or not, when it is discovered that it [lacks subject matter] jurisdiction." Gerdel v. Gerdel, 132 Vt. 58, 65 (1973) (citing In re Bellows Falls Hydro-Elec. Corp., 114 Vt. 443, 445 (1946)). "This Court has a duty to dismiss legal issues `[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'" In re Champlain Marina, Inc., Dock Expansion, No. 28-2-09 Vtec, slip op. at 9 (Vt. Envtl. Ct. July 31, 2009) (Durkin, J.) (quoting V.R.C.P. 12(h)(3)).

By their counterclaims, Defendants assert that Plaintiff has (1) wrongfully installed a privacy fence within their right of way; (2) "has engaged in spiteful, vindictive, malicious, intimidating and harassing behavior" against Defendants; (3) has violated "Defendants' property rights"; and (4) has caused Defendants to suffer unjust, unwarranted, and unnecessary monetary damages." Defendants Mark and Nancy Van Nostrand's Answer at 2.[2]

For the purpose of reviewing Plaintiff's motion to dismiss, we must regard all of Defendants' factual allegations as true and view them in a most favorable light. In re Hinsdale Farm, 2004 VT 72, ¶ 5, 177 Vt. 115 (citing Jordan v. State Agency of Transp., 166 Vt. 509, 511 (1997)). Even in this light, however, we have searched in vain for the statutory authority to render the legal determinations Defendants seek by their counterclaims. No statutory provision that outlines our jurisdiction authorizes this Court to adjudicate real property rights or damage disputes between neighbors. See 4 V.S.A. § 1001(a), (b) (establishing the Environmental Court and outlining its jurisdictional authority). Without a legal foundation to adjudicate the claims Defendants present, we are without the legal authority to grant their requested relief, no matter the possible merit of their claims. In the absence of the jurisdiction to hear and decide their claims, we must dismiss them. For these reasons, Plaintiff's motion to dismiss all of Defendants' counterclaims is hereby GRANTED.

_____      ___July 7, 2010_____
    Thomas S. Durkin, Judge                              Date

================================================================================
Date copies sent to:  _____          Clerk's Initials  _____

Copies sent to:

    Karl W. Neuse, Attorney for Plaintiff Linda C. Nordlund

    James C. Foley, Jr., Attorney for Defendants Elizabeth M. Van Nostrand and the Elizabeth M. Van Nostrand 2007 Trust

    Defendant Mark L. Van Nostrand

    Defendant Nancy A. Van Nostrand

---

[2] Mark and Nancy Van Nostrand filed a joint Answer to Plaintiff's Complaint; Elizabeth Van Nostrand filed her own Answer to Plaintiff's Complaint. While Elizabeth did not specifically repeat these factual allegations in the counterclaim section of her Answer, she did repeat the prayers for relief in her counterclaim. At the time of filing of their respective Answers, all Defendants appeared as self-represented litigants. Thereafter, Attorney James C. Foley, Jr. entered his appearance on behalf of Elizabeth Van Nostrand, in both her filing capacities.