In the matter of William M. Bliss, gent. &c.

A MOTION was made, at the last term, for the allowance of a writ of privilege, in behalf of *William M. Bliss*, an attorney and counsellor of this court. The affidavit, on which the motion was made, stated that *Bliss* was a practising attorney and counsellor of the court, and had been ordered by a captain of a company of militia, in the town of *Troy*, to perform military duty as one of the company, and had been sentenced to pay a fine for his non-attendance at the company parade, pursuant to the order and notice for that purpose; and that he had lately been drafted into a company of militia, and ordered by the commandant of the company, to hold himself in readiness to march, at a moment's warning, as one of the militia, detached, pursuant to a late law of the *United States*, for the defence of the state of *New-York*.

*Attorneys and counsellors at law, are not privileged from serving in the militia. Though the common law privileges of the officers of courts of justice cannot be taken away by general words, yet they may by the express words or manifest intent of a statute.*

The Court intimated an opinion against the motion; but said the question intended to be raised was so important, that it ought it to be argued, and that notice should be given to the *Attorney-General* to attend at the next term, to argue the motion in behalf of the people.

The motion was again made at this term.

*P. W. Radcliff*, in support of the motion, cited 4 *Burr*. 2109. 2114. *Cro. Car.* 11. 2 *Johns. Cas.* 103. *Off. Brev.* 164. 174. *Coke's Entries*, 474. *Rich. K. B. Pr.* 340. *Str.* 1143. 1 *Lev.* 265. 1 *W. Bl.* 636. 1123—1127. *The several Militia Laws of the United States, and of this State.* 2 *Inst.* 395. *Com. Dig. Parliament*, R. 23, 24.

*T. A. Emmet*, (Attorney-General,) contra.

*Per Curiam.* It was a principle of the common law, that the privileges of the officers of the courts of justice were not to be taken away by the general comprehensive words of a statute. This doctrine is not to be questioned; and as the privilege is granted, not for the sake of the individual, but of the suitors, and of the administration of justice, it is the duty of the courts to give this privilege their constant protection. It is, however, as little to be disputed, that the legislature may, in its discretion, abridge or

take away this privilege; and whenever the legislative will is to be ascertained with perfect certainty, either from the express words, or the manifest intent, of the statute, the courts are bound to yield obedience to that will.    To contend that the privilege of an attorney cannot be taken away, without express words mentioning *attorneys*, when the sense of the legislature shall otherwise appear, with equal conviction and certainty, does not seem to be consistent with a due obedience to law.   In *Gerard's Case*, (2 *Bl. Rep.* 1123.) Mr. Justice *Blackstone* admits that a privilege, inherent in the officers of a court by common law, may be taken away by the express words, *or manifest intent, of the statute*, or by a general negative that such and such persons shall be exempted, *and no other*.   In examining the militia laws, we think it perfectly clear, that the legislature intended that attorneys should not be exempted.    In the first place, the constitution of this state, (article 40.) when speaking of the militia, declares, that "it is the duty of every man who enjoys the protection of society, to be prepared and willing to defend it."   The importance of the militia to the public defence has been more uniformly acknowledged, and more deeply inculcated, in this country than in *England*, and the value and necessity of the service would be more likely to be enhanced, when brought into competition with the common law privilege of the officers of the courts.    The act of congress of *May*, 1792, declares that " each and every free able-bodied white male citizen of the respective states, except," &c. shall be enrolled.    And it then excepts the vice-president of the *United States*, the officers, judicial and executive of the government of the *United States*, the members of congress, &c. and " all persons who now are, or may hereafter be, exempted by the laws of the respective states." The act of the legislature of the 32d session, c. 165. declares, that in addition to persons exempted by the act of congress, the following persons shall be exempted, viz. the lieutenant-governor, the members of both houses of the legislature, and *their respective officers*, while in the execution of the duties of their respective offices, the chancellor, *the chief justice and other justices of the supreme court*, judge of the court of probate, and *all other judicial officers of this state*, all ministers of the gospel," &c.

The act of 1801, as well as the act of 1786, extended the exemption still further, and included, by name, the *attorney-general, and registers and clerks of courts, sheriffs, coroners and constables, &c.* These special exceptions do, by irresistible inference, imply that

the ministerial officers of the court are not excepted, and it would be against all the settled and rational rules of interpretation, to hold that attorneys were still entitled to exemption. A statute is to be so construed, if possible, as to give sense and meaning to every part, and the maxim was never more applicable, that *expressio unius personæ est exclusio alterius.* The sages of the law (says *Plowden*, 205. b.) have been guided by the intention of the legislature, which they have always taken according to the necessity of the matter, and according to that which is consonant to reason and good discretion. These special exemptions, in the act, of the officers of the courts, are idle and superfluous, and involve an absurdity, if the attorneys of the court are nevertheless exempted, without any such exception. We can cheerfully acquiesce in the general doctrine, that the privilege of the attorney is valuable, and is not to be taken away by general words, or when the statute is susceptible of any other reasonable construction. But when the intent is so manifest as to leave no doubt of it, and when all the rules which the wisdom of the common law has provided for the interpretation of statutes declare that intent, and the statute would otherwise be made to speak without sense or meaning, the courts are bound to follow that intent, as much as if it had been conveyed in express words.

<div align="right">Motion denied.</div>