OPINION of the Court, by
Judge Owsmsy.-
'This ⅜ writ of error brought to reverse a judgment of .Mercer circuit court entered against the plaintiffs in an action of replevin prosecuted by them in that court to be restored to certain species of .property taken from their possession as the agents or heads of the society of people denominated Shakers or Friends, by the defendant as deputy sheriff of Mercer county, in virtue^of militia fines.assessed against various members of the said society, for their defaults in not attending musters, and who by the tenets and principles of their faith and the rules established for the religious government of their society, wei*e respectively forbid performing militia duty, and at the time of their respective defaults entertain^ ed conscientious scruples against bearing arms. \ ,
The free exercise of the rights of conscience, is not only maintained by various provisions in our constitution, but by a clause in the 28th section of the 3d article pf that instrument those are excused from bearing arms who entertain conscientious scruples against it. It is true by another clause in the same section of the constitution the freemen of this commonwealth are required to be armed and disciplined for its defence. Those, however, who have scruples of conscience against bearing arms, we apprehend are not included among the number to be disciplined for the defence of the country.: for as they are expressly exempt from bearing arms, it would be vain and nugatory to require they should be disciplined. Notwithstanding, however, those having scruples of conscience are not required to bear arms, the constitution has further provided they shall pay an equivalent for personal service. The personal service thus recognized by the constitution, and for which an equivalent is to be paid, a majority of the court do not think implies foe attendance at the usual company, battalion or regi-pentalmusters. The attendance at those musters is not required as a service to the country, but for the purpose pf disciplining the militia, preparatory to.the. perform-anee of service whenever it shall be required either by the invasion of an enemy or otherwise.
If then we are correct in supposing the attendance at ^those musters is not such service as according to the principles of foe constitution an equivalent is to be given *62 by those having conscientious scruples against-bearing arms, it results the fines assessed by the court martial/ for which the property of the plaintiffs was taken, are” repugnant to that instrument, and cannot be maintained under the authority of any law. But were we mistaken in supposing the attendance at those musters is a service for which an equivalent may he exacted, still we should all concur in the opinion the law under which the fines were imposed in the present instance is repugnant to the constitution : for in subjecting those having scruples of conscience against bearing arms to the payment of that equivalent, it should not be done un-dérthe authority of laws imposing fines for the failure to attend musters, but under some legislative provision ascertaining that equivalent and providing for its collection.
The circumstance of* the court martial having assessed those fines cannot affect the case : for as the persons. against whom those fines were assessed, are protected from militia duty, and cannot be subjected to fines for a failure to perform that duty, under the laws providing for the disciplining of the militia, it results, according to' the case of Wise vs. Withers, determined by the supreme court of the United States, (3 Cranch 331) that The' court martial has no jurisdiction over those persons/ and consequently its decisions cannot affect them. , -
The judgment of the court below is therefore erroneous, and must be reversed with coststhe cause remanded and judgment entered in that court according to this opinion.