## GRAFTON, MAY TERM, 1822.

### JOHN WEBBER *vs.* JOHN ALDRICH, Jun.

2 461
66 269
2 461
69 583

Assumpsit does not lie to recover back money paid for the release of goods illegally taken by virtue of a warrant of distress.

THIS was an action of assumpsit for $4 34 money had and received by the defendant for the use of the plaintiff. The cause was submitted to the decision of the court, upon the following facts :

The defendant, being the captain of the seventh company in the thirty-second regiment of the New-Hampshire militia,

Webber
*vs,*
Aldrich.

mustered the said company on the 27th September, 1818. The plaintiff, being duly enrolled in said company and duly warned, did not do military duty on said day; whereupon the defendant issued a warrant of distress, by virtue of which the plaintiff's property was seized, to release which he paid the said sum of $4 34, being the amount of the fine by law imposed upon such neglect of military duty, and of the costs of the distress.

On the said 27th September, 1818, the plaintiff was a furnace man, actually employed in " the New-Hampshire Iron Factory company" furnace, then actually in blast.

*Young* and *Fletcher*, for the plaintiff.

*Goodall*, for the defendant.

WOODBURY, J. It is contended on the part of the defendant in this case, that an action of assumpsit cannot be maintained upon the facts stated, and as this objection will dispose of the action, it becomes unnecessary to examine any other objection.

When the body has been arrested, or property seized illegally, trespass lies, and is the usual remedy pursued. 3 *Cranch* 331, *Wise vs. Withers.*—13 *Mass. R.* 283.—15 *do.* 144.

Replevin has also been sustained where property was taken, because the taking being altogether unjustified must be deemed tortious.(1)   Assumpsit for money had and received might likewise lie, where the property taken has been sold to third persons for money; because as a general principle the tort in taking personal property can be waived and the proceeds of the property, if sold, recovered from the wrong doer. 1 *N.H.Rep.* 154, *Chauncey vs. Yeaton, and Auths. cited.—Willes* 407.—1 *Taunt.* 112.—3 *Maule & Selw.* 191, 571.

The objection to such an action in the present case is, that the property taken by the defendant was not sold, and money received therefor; but it was merely relinquished to the owner on receiving the fine and cost; and the money thus paid by the plaintiff was paid voluntarily, with a full knowledge of all the facts, and without extortion, duress or fraud.   It has been adjudged, that assumpsit will not lie to recover back money thus paid. *Cowp.* 414, *Lindon vs. Hoop-*

(1) 2 Bl. Rep. 1330.

*er.*—1 *John. Rep.* 515, *Potter vs. Bemis.*—1 *Mass. Rep.* 66, *Gates et al. vs. Winslow.*—5 *Taunt.* 143, *Brisbane vs. Dacres.*

Some of the reasons assigned for these decisions, viz. that so general a form of action does not give sufficient notice to the defendant; allows an unreasonable latitude as to the points in issue at the trial; makes the merits of the cause *res inter alias actæ*; and leaves great uncertainty on the face of the whole record—seem to be objections to this form of action in any case rather than the present case.

But other reasons, such as the payment of the money being voluntary, by the plaintiff himself, and with a full knowledge of every fact, and the receipt of it being by the defendant under a claim of right without extortion, duress or fraud, seem to reach the merits of the action, and to distinguish the present case from many others, which are cited as analagous. 1 *Barn. & Ald.* 128, *Derby vs. Moore.*—5 *Taunt.* 144, *Brisbane vs. Dacres.*

Thus in those cases, where the right to an office has been settled by an action of assumpsit between the claimants, the money sued for was received of third persons. *Th. Jones* 126.—2 *Mod.* 260, *Arris vs. Stukely.*—2 *Lev.* 245.—2 *Ld. Ray.* 1217. And such was probably the case of *Newdigate vs. Davy*, 1 *Ld. Ray.* 74.

So, where assumpsit has been sustained, when property was seized and sold under proceedings afterwards quashed, the money was received of third persons. *Loft Rep.* 207.— 1 *D. & E.* 387.—2 *Ld. Ray.* 1216, *Lamine vs. Dorrell.*—*Bull. N. P.* 131.

Where assumpsit has been sustained to recover back money paid by usury, fraud, extortion, &c. though the money was received from the plaintiff himself; yet the decisions are expressly grounded on the hypothesis, that the parties are not *in pari delicto*, the receiver having taken advantage of the pecuniary distress or ignorance of him who pays. 2 *Str.* 915.—*Wiley vs. Green, Straf. Feb.* 1821.

In the case of *Irving vs. Wilson et al.*(1) the officer received the money without any color of right, it being his duty merely to libel the property if the seizure was correct;

(1) 4 D. & E. 485.

<div style="margin-left: margin note">Webber<br>*vs.*<br>Aldrich.</div>

and the recovery back was justified on the ground of extortion.

The plaintiff, however, is not without remedy. As his property was taken away without legal authority, the usual mode of redress by an action of trespass is still open to him ; because he did not assent to that taking and has suffered in consequence of it. But to the taking of the money by the defendant, he did assent. He himself paid it and voluntarily and without ignorance of the facts, without fraud and without extortion.

*Let the plaintiff be nonsuit.*