*Woodbridge vs. Cook*   Fletcher for Plff in Error

Brief.

                                      Fletcher for Plff in Error.

*Woodbridge vs.* \}     Error on Certiorari, to Justice Doty.
*Cook* \}

Plff in error was sued below by Deft in error by Summons issued & served 21 July 1829, returnable 27 July. Deft below did not appear, and the case was con-

tinued to 1 Aug., when judg$^t$ was rendered on default, and damages assessed at $69.98 costs $2.12.

The Plff in error assigns as ground of error the following Matters towit:

1. That at the time &c. Plff in error was a Judge of the Sup. Court, and before the commencement of suit below the Judges of said Court had appointed a special session of the Circuit Court for the County of St. Clair, to be held on the 27 July for the trial of sundry person charged with homicide.

2. That when the summons was served he was preparing to attend said circuit as such Judge, and that he informed the Constable serving the Sum$^s$ that he could not attend the suit before the Justice on [the] [retu] rn day, by reason of said appointment and of his duty to attend said Circuit, and requested the Constable to state such facts to the Justice.

3. That Plff in error did attend said Circuit as such Judge, and assisted in transacting the business thereof, for so long a time that he did not, nor could return to Detroit until the evening of the 1 Aug.

4 That he had no notice of the proceeding had before the Justice after the service of the Sum$^s$ until the 5 Aug. when he was informed that Judg$^t$ had been rendered.

The Plff in Error therefore alleges that he was exempted from liability to the suit, by reason of such employment and duty, and that the proceedings in the suit below were void.

The Deft in error joins generally, *in nullo est erratum*, Whereby the above facts are admitted.

Two general questions arise in this case,

1. Whether the Plff in error was exempted from liability to the suit below?

2. Whether, if he was so exempt, he can now assign such exemption for error, after non appearance and default below?

*1.* Parties, Witnesses, Attornies, Judges, Legislators &c. during the time &c, are not only privileged from arrest, but also from all civil suit by summons, subpoena &c. 2 Wils. 44. 3 Ves. J$^r$ 350. 1 Johns. Cas. 23. 9 John. 347. N.J. (Southards) R. 366. Cox's R. 142. 1 Dall. 296. 305. 3 Cowens R. 381. 2 Johns R. 294. 1 Wendell's R. 292. 1 H. Bl. 636. 8 Johns. 351. 9 Johns. 216. 2 Str. 1094.—

And this not on account of any personal right or privilege which might be waived, but by reason of the interest and right of others and the public, Which cannot be waived.

2. Courts possessing general Com. law powers will grant relief in a summary manner on Motion. 1 Strange 985. 1 Dall. 296. 305. 1 Bin. 77. 4 Day 129. 2 Com. law R. 254. 16 Com. Law R. 360 (4 J.B.Moore's R.

3. A Justice has not the power to stay proceedings, or to discharge from the suit without appearance and plea which would defeat the end and policy of the privilege. 6 Mass R. 245.

4. Matters of fact showing a want of jurisdiction of the person &c, need not be alleged before a justice or other limited jurisdiction in order to lay a foundation for error, but may be assigned on certiorari, as Infancy, coverture, exemption from military duty &c. 15 Johns R. 403. 3 Cranch 331. 2 Wils. 384.

5. Want of jurisdiction over the person by the inferior court renders all its proceedings irregular & void; being wholly *coram non judice*. Talbot's Cases 280. 2 Wils. 384. 2 Str. 989. 990. Wash. R.— 8 T.R. 534. 11 Johns 433. 3 Cranch 331. 337. 15 Johns. 87. 403. 1 Conn. R. 43. 7 Com.Dig. Days ed 114.

6. But in this case Deft in error has admitted the facts, so that this court will regard them in the [. . . .] manner as if pleaded below & returned of record. Stat. p. 111