Morton J.
delivered the opinion of the Court. This is an action of debt brought by a judge-advocate, in his official ca *450 pacity, o recover a fine imposed upon the defendant by a division court-martial. St. 1821, c. 92, § 9. To support the action the plaintiff offered in evidence a copy of the records of the court-martial. To the admission of it several objections were made, viz. that it was not duly authenticated ; that the record had not been deposited in the proper office ; that the court was not constituted and organized according to law ; that its proceedings were void by reason of their irregularity ; and that it had no power to impose the fine now sued for.
The objection to the organization of the court is the most important and will be first examined. If the court was- not legally constituted it could do no valid act. But if the records were not returned to the proper office or not duly authenticated, this defect might be remedied on another trial.
A court-martial is a court of limited and special jurisdic tion. It is called into existence for a special purpose and to perform a particular duty, and when the object of its creation is accomplished it ceases to exist. Wise v. Withers, 3 Cranch, 331 ; Mills v. Martin, 19 Johns. R. 7. The law will intend nothing in its favor. He who seeks to enforce its sentences or to justify under its judgments, must set forth affirmatively and clearly all facts necessary to show that it was legally constituted and had jurisdiction.
By the militia law of this commonwealth, a court-martial shall consist of a president, a judge-advocate, a marshal and at least three members. St. 1809, c. 108, § 31 ; St. 1821, c. 92, § 9 ; St. 1822, c. 102, § 5.
Does the record offered in evidence show that this court was composed of these several constituent parts ?
A judge-advocate, by common military law as well as by statute, is essential to the legal existence of a court-martial. Without such an officer no such court can be legally organized, and without his presence and services no business can be legally transacted by such court. He alone is authorized to administer the requisite oaths to the president and members of the court. It is his peculiar duty to swear all witnesses, to take accurate minutes of their testimony, to advise the court in all matters of law, and to keep a record of their proceedings.
The records of this court-martial show that no regularly *451 commissioned judge-advocate was present; but that the duties of that officer were performed by a person acting as judge-advocate pro tempore. They do not show why the judge-advocate was not present, nor for what cause another person was appointed to perform the duties of the office. The defendant offered to show, and such is agreed to be the fact, that there was a vacancy in the office when the court was ordered and until its proceedings were finished. We think that the plaintiff ought to show affirmatively, that all the members and officers of the court were duly authorized to act; and not only that the judge-advocate pro tempore who officiated was appointed by the officer whose duty it was to make such appointment, but that the occasion existed which required the exercise of this power. But whether this be so or not, we are disposed to decide the case upon its merits, and to consider these facts as regularly before us.
Had the individual assuming to act as judge-advocate, any legal right to perform the duties of that office ? If not, there was no legal tribunal, and the whole proceedings were coram non judice.
The judge-advocate pro tempore was appointed by the major-general. Did the occasion exist which would authorize him to make the appointment ?
By St. 1809, c. 108, § 5, the major-general is to nominate the judge-advocat.e, and the commander-in-chief, if he approve the nomination, is to commission him. The 33d section of the same statute provides, u that it shall be in the power of the commander-in-chief or the major-generals or commanding officers of divisions to appoint a judge-advocate, pro tempore, to any particular court-martial or to any particular court of inquiry, appointed to be holden, in case of inability of the division judge-advocate, or in case of any legal impediment to his acting.” If this officer is rendered unable to attend any court-martial, by sickness or other adequate cause, or if having given or formed an opinion or being biased or prejudiced in the case, or being related to any party to be tried, it is improper for him to officiate, in any such case it is competent for the officer ordering the court, to appoint some disinterested person to perform the duties on such particular occasion. *452 There are only two contingencies, on the happening of which a judge-advocate pro tempore may be appointed ; the one is the physical, the other the legal disability of the division judge-advocate to perform the duties of the office. They both presuppose and are founded upon the existence of such an officer. If the office be vacant, it should be filled. To allow the major-general to fill it temporarily would enable him to avoid the negative which by law the commander-in-chief has • upon his nominations, and to select, at his pleasure and for particular purposes, individuals to perform functions of importance, and partaking of the nature of judicial duties. This would be inconsistent with the principles of our government and contrary to the general tenor and spirit, as well as the letter of the statute. We are therefore clearly of opinion, that a vacancy in the office of judge-advocate will not authorize the appointment of such officer pro tempore ; that the appointment in the case at bar was invalid; that without such an officer .there could be no legal court-martial; and that the sentence sought to be enforced in this action, was illegal and void.[1]
Our opinion upon the above ground of defence renders it unnecessary to consider the others which were relied upon.

Default taken off and plaintiff nonsuit

 See Rev. Stat. c. 12, § 117.