McCrary, Circuit Judge.
I. Counsel for respondent raises a question as to the jurisdiction of this court, which must be examined in limine.
It is insisted that a Circuit Court of the United States has no power to revise the proceedings of a general court martial, upon habeas corpus or otherwise, and that inasmuch as the jurisdiction of the court martial over the case of the prisoner did once attach, that court had the right to decide all questions arising in the case, including the question now presented, as to its own jurisdiction. The argument of counsel upon this point assumes the soundness of his conclusions upon the main question in controversy. It assumes that the court martial had jurisdiction to try, convict and sentence the prisoner. If this be a correct proposition, it is indeed an end of the case; not because this court is without jurisdiction, but for the reason, that having jurisdiction, it ought to sustain the validity of the prisoner’s sentence.
I take it to be very clear that the question of the jurisdiction of a general court martial may always, upon the application of any party aggrieved by its judgment, be inquired into by the civil courts. Courts martial are special tribunals, with jurisdiction limited to a particular class of cases. If such a court exceeds its authority and undertakes to try and punish a person not within its jurisdiction, or to punish a person within its jurisdiction for an offense not within its jurisdiction, its judgment is void, and may be so declared by any court having jurisdiction of the proper parties and of the subject matter. The decision of such a tribunal, in a case clearly without its jurisdiction, does not possess that apparent validity which will protect the officer who executes it. “The court and the officers are all trespassers,” Wise v. Withers, 3 Cranch, 331. The rule that civil courts may inquire into the jurisdiction of a court martial in an action by a party ag *339 grieved by its judgment, and give him redress, is settled by the decision of the Supreme Court of the United States, in Dynes v. Hoover, 20 How., 82, in these words: “But we repeat, if a court martial has no jurisdiction over the subject matter of the charge it has been convened to try, or shall inflict a punishment forbidden by the law, though its sentence shall be approved by the officers having a revisory power over it, civil courts may, on an action by a party aggrieved, inquire into the want of the court’s jurisdiction, and give him redress.”
It is quite clear that this court has no authority to issue the writ of habeas corpus to bring up the body of a person convicted and sentenced by a court of competent jurisdiction; but it is equally clear that it has jurisdiction to grant the writ, and discharge the prisoner, if it appears that an inferior court has transcended its powers. The true line of distinction between the two classes of cases will appear by reference to the following authorities: Ex parte Kearney, 7 Wheat., 38; ex parte Lange, 18 Wall., 163, and cases cited; ex parte Parks, 18 Wall., 18.
To say that in this case the court martial had jurisdiction of the prisoner at the time the crime was committed, and therefore, retained jurisdiction for the purpose of trying him after his term of enlistment expired, is only to state the main argument in support of the legality of the sentence; it is not to raise a question as to the jurisdiction of this court. I am therefore clearly of the opinion that this court has full powers to inquire into the jurisdiction, of the court martial, of whose judgment the prisoner complains.
2. That the prisoner was a soldier of the United States army at the time he committed the offense, and that he was lawfully arrested and imprisoned by military authority, and remained lawfully in the custody of the military from September 6, 1878, to February r, 1879, is admitted. But it is insisted, that on the last named day he ceased to be a soldier, by the expiration of his five years term of enlistment, and became a citizen, and therefore, entitled to a trial by jury.
Congress, under its powers to make rules for the government of the army and navy, has power to provide for the trial by courts martial of “cases arising in the land or naval forces,” (fifth amendment to the constitution.) The case of the prisoner clearly arose in the land forces within the meaning of the constitution. He *340 was a private soldier, on duty with his command, and he committed an assault upon a fellow soldier. Congress had power, therefore, to confer upon a court martial jurisdiction over the offense. The jurisdiction is plainly conferred by the sixty-second article of war, which provides that “All crimes not capital, and all disorders and neglects which officers and soldiers may be guilty of, to the prejudice of good order and military discipline, though not mentioned in the foregoing articles of war, are to be taken cognizance of by a general, or regimental, garrison, or field officers’ court martial, according to the nature and degree of the offense, and punished at the discretion of such court.” Rev. Statutes U. S., p. 235.
The proceedings against the prisoner having been instituted while he was clearly within the jurisdiction of the military authority, by the preferring of the charges, and by his arrest, as well as by the forwarding of the charges to headquarters, with an application for the appointment of a court martial for his trial, the question for determination is, did that jurisdiction cease and expire at the end of the prisoner’s term of enlistment, so that all proceedings after that date were void?
The general rule is, that when the jurisdiction of a court attaches in a particular case by the commencement of proceedings, and the arrest of the accused, it will continue for all the purposes of the trial, judgment and execution. This rule has long been recognized by the War Department as applicable to cases properly instituted before a legally constituted military court martial, and in which, before the conclusion of proceedings, the term of enlistment of the accused expires. (Winthrope’s Dig. Opinions of Judge Advocate General, 1880, page 210.) The general rule is grounded in sound reason. Many of the greatest military offenses are not cognizable by the courts of common law. A soldier might be guilty, on the eve of the expiration of his term of enlistment, of the grossest insult to his officers, or of disobedience of orders, or of desertion in the face of an enemy, and if he could not be held for trial after the end of his term, he would escape punishment altogether. To hold that in every such case the jurisdiction of a court martial would cease with the expiration of the term of enlistment, would be to shield the guilty from punishment, to encourage crime, and to greatly demoralize the *341 military service. The jurisdiction, therefore, in such cases, is to be maintained upon the highest consideration of public policy.
Thomas P. Fenlon, for petitioner.
D. G. Swaim, Judge Advocate U. S. Army, for respondent.
But such considerations are not alone sufficient to support the jurisdiction of a court which has power to deal with life, liberty and property. The jurisdiction of a criminal court must rest upon sound principles of law, and not merely upon considerations of public interest and convenience.
It frequently happens that the guilty go acquit because there is no lawful mode of trial and punishment provided. The jurisdiction in the cases named, and in many others of like character, must therefore be upheld upon the ground first mentioned, to wit: That the court martial acquired it by the proper commencment of proceedings, and could not be divested of it by any subsequent change in the status of the accused; and this reason applies as well to a case where the crime is one known to the common or statute law, as to one in which the offense is purely military.
In both the jurisdiction is maintained, after the end of the term of enlistment, upon the same ground.
This conclusion is supported by judicial interpretation, in the only cases, so far as I know, in which the question has arisen. United States v. Travers, 2 Wheeler, C. C., 509: In re Dew, 25 L. R., 540; In re Bird, 2 Sawyer, 33; In re Walker, 3 Am. Jurist, 281.
What I have said is conclusive of the case, and it is therefore not necessary to consider the question whether the term of enlistment of a soldier in the army is for five years, or five years and until discharged. In either cast the prisoner must be remanded to the custody of the warden to abide the sentence of the court martial- So ordered.