ANDERSON, Warden, v. CRAWFORD.

(Circuit Court of Appeals, Eighth Circuit.　April 29, 1920.)

No. 5407.

1. **Army and navy ☞44(1)—Jurisdiction of court-martial in cases of assault.**

　　Under article 58, Articles of War (Rev. St. § 1342), in force prior to March 1, 1917, authorizing courts-martial in time of war to punish the offenses of "assault and battery with intent to kill" and "wounding by shooting or stabbing with intent to commit murder," a court-martial *held* without jurisdiction to impose imprisonment on a defendant on conviction for assaulting another by cutting him with a knife, without intent to kill, or for assaulting another by shooting at him with a pistol with intent to kill.

2. **Assault and battery ☞57—Application of actual force necessary to constitute "battery."**

　　It is essential to a battery that some force shall be actually applied, not merely threatened or attempted to be applied, to the person of another, and shooting at another, without hitting him, does not constitute an assault and battery.

　　[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Battery.]

3. **Assault and battery ☞48—"Assault" defined.**

　　An "assault" is an attempt, which, if consummated, would result in a battery.

　　[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Assault.]

　　Lewis, District Judge, dissenting.

Appeal from the District Court of the United States for the District of Kansas; John C. Pollock, Judge.

Habeas corpus by J. B. Crawford against August V. Anderson, Warden of the United States Penitentiary at Leavenworth, Kan. From a judgment discharging petitioner, defendant appeals. Affirmed.

L. S. Harvey, Asst. U. S. Atty., of Kansas City, Kan. (Fred Robertson, U. S. Atty., of Kansas City, Kan., on the brief), for appellant.

Lee Bond, of Leavenworth, Kan., for appellee.

Before SANBORN, Circuit Judge, and LEWIS and MUNGER, District Judges.

MUNGER, District Judge.　[1] The appellant, as warden of the United States penitentiary at Leavenworth, Kan., appeals from a judgment in a habeas corpus proceeding ordering the discharge of the appellee from further imprisonment. The case was heard upon the petition for the writ and appellant's motion to dismiss the petition, and when the motion was denied appellant refused to plead further. The motion attacked the petition upon the ground that it stated no cause for relief. The petition disclosed that appellee was employed as a civilian teamster attached to the Quartermaster Corps of that part of the United States Army which, under command of General Pershing in 1916 and 1917 was conducting a punitive expedition in

the state of Mexico, seeking to capture a band of Mexicans who had made an attack in March, 1916, upon the town of Columbus, N. M. Appellee was arrested on January 8, 1917, at Colonia Dublan, state of Mexico, by the military authorities of the United States, and was tried on February 4, 1917, before a general court-martial convened at that place. As stated in the record of conviction the charge was as follows:

"Charge: Assault and battery, with intent to kill, to the prejudice of good order and military discipline.
"Specification 1: In that Civilian Teamster J. D. Crawford, Q. M. Corps, did feloniously assault Civilian Teamster Pat Watkins, Q. M. Corps, by cutting him with a knife with intent to kill. This at Camp Dublan, Mexico, on the 8th of January, 1917.
"Specification 2: In that Civilian Teamster J. D. Crawford, Q. M. Corps, did feloniously assault Civilian Teamster Pat Watkins, Q. M. Corps, by shooting at him with a pistol with intent to kill. This at Camp Dublan, Mexico, on the 8th of January, 1917."

Appellee pleaded not guilty, and the findings of the court-martial were that he was guilty of the charge in the first specification, except as to the words "with intent to kill," and as to those words not guilty, and was guilty of the charge in the second specification. The sentence, as approved by the commanding officer, was that he should be imprisoned for five years in the United States penitentiary at Leavenworth, Kan., and he was placed in the custody of appellant, as warden of the penitentiary, under a commitment pursuant to the sentence. Appellee claimed to be illegally restrained of his liberty, because he had been discharged as a teamster before the time of his arrest, and because the United States was not at war with Mexico or any other country at the time of the assault, or at the times of his trial and conviction, and because no court-martial had jurisdiction to try him or to pass sentence upon him. The authority claimed in support of the proceedings of the court-martial is found in articles 63 and 58 of the Articles of War (R. S. § 1342, 4 U. S. Comp. Stats. Ann. 1916, pp. 3941, 3942), which were then in force, and which are as follows:

Article 63: "All retainers to the camp, and all persons serving with the armies of the United States in the field, though not enlisted soldiers, are to be subject to orders, according to the rules and discipline of war."
Article 58: "In time of war, insurrection, or rebellion, larceny, robbery, burglary, arson, mayhem, manslaughter, murder, assault and battery with an intent to kill, wounding, by shooting or stabbing, with an intent to commit murder, rape or assault and battery with an intent to commit rape, shall be punishable by the sentence of a general court-martial, when committed by persons in the military service of the United States, and the punishment in any such case shall not be less than the punishment provided, for the like offense, by the laws of the state, territory, or district in which such offense may have been committed."

While the chief question made in the arguments is whether there then existed such a state of war as justified the subjection of appellant to trial by court-martial for the offense alleged against him, the record discloses another question that lies at the threshold of the case, and that must necessarily be considered and that is, the jurisdiction of the court-martial, whether it was or was not a "time of

war," and whether or not appellee was still a retainer of the camp or a person serving with the army in the field.

In Deming v. McClaughry, 113 Fed. 639, 650, 51 C. C. A. 349, 360, it was said by this court:

"A court-martial is a court of limited jurisdiction. It is a creature of the statute, a temporary judicial body authorized to exist by acts of Congress under specified circumstances for a specific purpose. It has no power or jurisdiction which the statutes do not confer upon it. The Articles of War specify the officers who are empowered to convene these courts (articles 72, 73, 74, 81, 82), the officers who may compose them (articles 75, 76, 77, 78, 80), and the persons and charges which they are empowered to try (articles 77, 78, 80, 81, 82, 83). It necessarily follows that the jurisdiction of every court-martial, and hence the validity of each of its judgments, is conditioned by these indispensable prerequisites: (1) That it was convened by an officer empowered by the statutes to call it; (2) that the officers whom he commanded to sit upon it were of those whom he was authorized by the Articles of War to detail for that purpose; (3) that the court thus constituted was invested by the acts of Congress with power to try the person and the offense charged; and (4) that its sentence was in accordance with the Revised Statutes. The absence of any of these indispensable conditions renders the judgment and sentence of a court-martial coram non judice, and absolutely void, because such a judgment and sentence is rendered without authority of law and without jurisdiction. Runkle v. U. S., 122 U. S. 543, 546, 7 Sup. Ct. 1141, 30 L. Ed. 1167; Mills v. Martin, 19 Johns. 7, 30; Wise v. Withers, 3 Cranch, 331, 2 L. Ed. 457; Ex parte Watkins, 3 Pet. 193, 207, 7 L. Ed. 650; Dynes v. Hoover, 20 How. 65, 80, 15 L. Ed. 838."

It will be observed that Congress did not confer upon courts-martial the trial of all offenses under article 58. Such well-known common-law crimes as bribery, embezzlement, perjury, and forgery are not mentioned. The offense of wounding is limited, in that, first, it must be by means of shooting or stabbing; and, second, it must be with an intent to commit murder. Assaults as such, are not made punishable, nor are assaults and battery, unless the assault and battery be with intent to kill or with an intent to commit rape. It may have been considered that the soldier's profession and training was such that occasional instances of assault and battery were inevitable, and that they could be dealt with effectively without the intervention of a court-martial, under the power to maintain order and discipline. The Articles of War as now amended have included embezzlement, perjury, assault with intent to commit any felony, or assault with intent to do great bodily harm in the list of offenses punishable by court-martial. Act Aug. 29, 1916, 39 Stat. 619, § 3, art. 93, 4 U. S. Comp. Stats. Ann. p. 3985.

[2, 3] Upon a comparison of the specifications of the offense charged against appellee, and of the findings made, with the terms of the article of war under which he was tried and sentenced, it will be observed that as to specification 1, he was acquitted of the charge of felonious assault upon Watkins by cutting him with a knife with intent to kill, but found guilty of assaulting him by cutting him with a knife. This was clearly not an offense under this article of war, because there must have been an "assault and battery with an intent to kill" or "wounding, by shooting or stabbing, with an intent to commit murder." The appellee was found guilty under the second specifica-

tion, in that he feloniously assaulted Watkins by shooting at him with a pistol with intent to kill. The article of war conferred jurisdiction upon a general court-martial to try and to punish the offense of assault and battery with an intent to kill, but it did not confer jurisdiction over a charge of assault with intent to kill. It was not alleged that in making the assault by shooting at Watkins the appellee wounded him, or in any way caused any force to be exerted upon the person of Watkins. While a battery always included an assault, assaults often fall short of a battery. An assault is an attempt, which, if consummated, would result in a battery. Mr. Justice Washington, in United States v. Hand, 2 Wash. C. C. 435, 437, 26 Fed. Cas. 103, No. 15,297, made the distinction in these words:

"The definition of an assault (1 Bac. Abr. tit. 'Assault,' 242) is an offer or attempt by force to do a corporal injury to another, as if one person strike at another with his hands, or with a stick, and misses him; for, if the other be stricken, it is a battery, which is an offense of a higher grade."

It is essential to a battery that some force shall be actually applied, not merely threatened or attempted to be applied, to the person of another, or to some article so closely connected with his person as to be regarded as a part of it. 1 Hawk. P. C. c. 62, § 2; 1 Russell on Criminal Law (7th Eng. & Can. Ed.) 881; 2 Whart. Cr. Law (11th Ed.) § 811; 2 Bishop, Cr. Law. § 72–(1).

It is not necessary to invoke the rule that penal laws are to be strictly construed, although a trial by court-martial in the state of Mexico for an offense alleged to have been committed there would present an appropriate occasion for the application of that salutary rule of construction, for in this case the plain words of the statute include a battery as an essential element of the offense, before there can be a legal conviction and sentence, and none was alleged or found.

As the findings of the court-martial left it without jurisdiction to impose the sentence of imprisonment, the judgment of the court below, discharging the appellee, was correct; and it is affirmed.

LEWIS, District Judge (dissenting). I agree to the principle announced, that is, that we are confined to an inquiry of jurisdiction, and have no right of review beyond that; but dissent from its application, because I can see nothing in the record that renders conviction and sentence void.

There was civil war on the border (Prize Cases, 2 Black, 635; 17 L. Ed. 459), and the Punitive Expedition had extended into Mexico with that government's consent for the purpose of bringing it to an end. Under those conditions our military forces carried with them all powers of discipline and order in the enforcement of the Articles of War. The Exchange, 7 Cranch, 116, 139, 3 L. Ed. 287; Coleman v. Tennessee, 97 U. S. 509, 515, 24 L. Ed. 1118; Dow v. Johnson, 100 U. S. 165, 25 L. Ed. 632. The Charge against Crawford uses the exact words in Article 58, and Specification 2 states facts which brought him under the jurisdiction of the military court, and the manner in which the offense embodied in the Charge was committed, viz:

"In that Civilian Teamster J. D. Crawford, Q. M. Corps, did feloniously assault Civilian Teamster Pat Watkins, Q. M. Corps, by shooting at him with a pistol with intent to kill."

Crawford was found guilty on both Charge and Specification, and viewing them together, without ignoring either, as I think must be done, I am not able to conclude that he was charged, tried and convicted only of "assault" with intent to kill Watkins. The crime was stated in the Charge. The Specification, in the nature of a bill of particulars, stated, with jurisdictional facts, the means used and the manner in which the criminal purpose was carried out. It did not annul, as a matter of pleading, the element of battery in the Charge. It did not purport to do so, and guilt as to both carries the necessary inference that Watkins was struck, if not by the bullett, otherwise by Crawford when the shots were being fired. Guilt on the Charge, was of the crime. Guilt on the Specification, was of the facts in it, and those facts are consistent, and not inconsistent, with the Charge.

Furthermore, I cannot agree that assault and battery are joined as elements of the crime, but consider either sufficient; and they should be taken in the disjunctive, for in no other way can "assault" have meaning, as "battery" includes it. U. S. v. Wight (D. C.) 38 Fed. 106; 2 C. J. 1340, and cases. This is in accord with the usual statutory definition of the crime which Article 58 was intended to cover.