### Ex parte JOHNSON.

(District Court, D. Kansas, First Division. February 2, 1925.)

No. 2753.

**Army and navy ⊜⇒44(1)—Soldier held triable by court-martial for murder in Mexico, though actual state of war did not exist.**

Soldier who, while accompanying expedition into Mexico in 1916, killed a fellow soldier, *held* triable by court-martial under ninety-second article of war (Comp. St. § 2308a), notwithstanding an actual state of war did not exist, nor would such ruling be altered if article of war omitted limitation as to place.

Habeas Corpus. Petition by Guss Johnson for writ to be directed to Warden of National Prison at Leavenworth, Kan. Motion to dismiss petition and to deny writ sustained.

Lee Bond, of Leavenworth, Kan., for petitioner.

Alton H. Skinner, Asst. U. S. Atty., of Topeka, Kan., for respondent.

POLLOCK, District Judge. The record shows petitioner, a soldier in the regular army in the year 1916, accompanied Gen. Pershing's command on the punitive expedition into Mexico, and while stationed at Colonia Dublan, state of Chihauhua, republic of Mexico, petitioner shot and killed a fellow soldier. A general court-martial was there convened, and petitioner was charged with the crime of murder under the ninety-second article of war, and was tried, convicted, and sentenced to the national prison, at Leavenworth, in this state, for the period of his life. Being so confined, he files his petition for a writ of habeas corpus to obtain his discharge from said prison. The warden has moved to dismiss the petition and deny the writ.

The ninety-second article of war (Comp. St. § 2308a) reads as follows: "Any person subject to military law who commits murder or rape shall suffer death or imprisonment for life, as a court-martial may direct; but no person shall be tried by court-martial for murder or rape committed within the geographical limits of the states of the Union and the District of Columbia in time of peace."

Now, it is insisted by petitioner no state of war existed between this country and Mexico, or any part of that country, at the time the offense is alleged to have been committed, and for this reason petitioner was not subject to trial by court-martial, as was done in this case. However, petitioner was a member of the military force of this country. That force was employed in the state of Mexico, and the offense was there committed by one in the active military service of his country, but without the territorial limits of the country; hence his case does not fall within that class of exceptions made in the article of war under which he was tried, convicted, and is now undergoing punishment.

This case is in no sense parallel to or controlled by that of Anderson v. Crawford (C. C. A.) 265 F. 504, for the reason in that case Crawford was not, at the time his offense was committed, in the military force of the country. The case of Hamilton v. McClaughry, 136 F. 445, decided by this court April 12, 1905, involved a trial by court-martial in China during the Boxer uprising and a murder there committed by Hamilton near the city of Peking, China, while he was a member of the military force of the country, is more nearly in point. The trial by court-martial in that case was under the fifty-eighth article of war (Rev. St.

§ 1342) as it then stood, which reads as follows:

"In time of war, insurrection, or rebellion, larceny, robbery, * * * murder * * * shall be punishable by the sentence of a general court-martial, when committed by persons in the military service of the United States, and the punishment in any such case shall not be less than the punishment provided, for the like offense, by the laws of the state, territory, or district in which such offense may have been committed."

While Hamilton was a member of the expeditionary force sent over by this country to the relief of citizens of this country then in Peking, yet there was no state of declared war existing between this country and the empire of China or any part thereof, yet in this case the writ was denied, and in the very nature of things I think the law will be so declared. It would be unthinkable that a military force of our country should be sent out from this country into a foreign state for any such purpose as the Pershing punitive expedition was sent into Mexico, or the expedition was sent to Peking, China, during the Boxer uprising, without the power of self-preservation through law of the members of that force, whether a state of war actually existed or not. Self-preservation of a military force demands this shall be so. It therefore is so.

If the article of war under which petitioner was charged in this case omitted the limitation as to place, but merely provided a member of the military force should not be tried for murder or rape in time of peace, the ruling here must have, by the very necessities of the case, been the same.

The motion to dismiss the petition and deny the writ is sustained.