**UNITED STATES ex rel. MOBLEY v. HANDY, Commanding Officer. Fort Sam Houston.**

No. 12853.

United States Court of Appeals Fifth Circuit.

Aug. 2, 1949.

Ben F. Foster, San Antonio, Tex., William C. Davis, San Antonio, Tex., R. G. Harris, San Antonio, Tex., for appellant.

Henry W. Moursund, U. S. Atty., San Antonio, Tex., Joel W. Westbrook, Asst. U. S. Atty., San Antonio, Tex., for appellee.

Before HUTCHESON, SIBLEY, and WALLER, Circuit Judges.

PER CURIAM.

Setting out frankly and with detailed particularity, the circumstances of his arrest and detention by the military, appellant, relator below, sought release on habeas corpus.[1]

The respondent, in his return, with equal frankness, particularity and detail, showed: that relator had been arrested as charged; that he had been restricted to the geographical limits of the post by direction of the commanding general; that the imposition

[1] He alleged that while attached to the army as an employee of the Post Exchange at Frankfort-am-Main, Germany, he had been on 7-31-48, arrested by the United States Military authorities and confined in jail, and shortly thereafter charged with violation of Art. 96 of the Articles of War, 10 U.S.C.A. § 1568; that though entitled to a speedy trial, he was not tried, and, released from jail, he continued to serve as civil-ian employee until 11-1-48, when he was separated from his employment and discharged as such employee.

He further alleged that no trial was accorded him from 7-31-48 until about Dec. 20, 1948, when he left and came by airplane to the United States, and that having returned to the U. S., he was no longer under the jurisdiction of the military authorities or subject to rearrest or trial on the charge.

of this restraint was made known to relator, who acknowledged it in writing, and his willingness to comply with it; that he had breached his arrest and fled to the United States; and that he had been arrested in Texas to be carried back to Germany by air for trial there by general court martial.

To this return, relator filed a traverse and an amended traverse, in which, denying, as a legal conclusion, that anyone with lawful authority had restricted him to the geographical limits of the Frankfort military post and required him to appear and report each morning at 9 o'clock, he yet admitted, as matter of fact, that he had received the letter which purported to advise him that he had been placed under arrest and so restricted, and to require him to personally report each morning to the provost marshal.

As to the court martial charges, alleging merely that he does not have sufficient information to either admit or deny that the charges were signed and sworn to on August 27, 1948, and referred to a general court martial for trial on December 9, 1948, with a copy of said charges served on him, he yet admits that some character of paper was servied on him on or about that date.

As to the showing in the return that he was arrested pursuant to the written order of the provost marshal general, he does not deny that he was so arrested. He merely makes the legal point that the order was not a valid one because the court martial had lost its jurisdiction after separation of relator from service with the Post Exchange in Frankfort.

The district judge, of the opinion that upon the matters pleaded and admitted, relator's detention was lawful and that he was not entitled to relief, denied the writ. Relator is here making no contention upon the facts but presenting the legal contention that at the time of his arrest in the United States, he was a civilian and was,

therefore, not subject to military jurisdiction or to military arrest here, on the order of the European command for return to Europe for trial by court martial there.

Admitting that while he was in Germany he was, under Subd. (d) of Art. of War 2, 10 U.S.C.A. § 1473, subject to military law and jurisdiction, he insists that because of the joint resolution of the Congress, approved and effective July 25, 1947, 61 Stat. 449, declaring the state of war and national emergency to no longer exist, he was not subject to military jurisdiction or military arrest except when beyond the territorial limits of the United States, and that, therefore, the military could not arrest and detain him here.

The respondent takes the short and simple position that military jurisdiction had attached to relator in Germany and that, by escape and flight to this country, relator could not divest that jurisdiction.

We agree with the respondent. It is, of course, clear that except for offenses under Art. 94, 10 U.S.C.A. § 1566, a discharge from service ends the military jurisdiction and one may not be thereafter arrested and tried for offenses committed prior to such discharge, even though he should enter upon a new enlistment. United States ex rel. Hirshberg v. Cooke, 336 U.S. 210, 69 S.Ct. 530. That rule, however, is without application here. Relator was arrested and held for trial at a time when jurisdiction over him existed and his breach of arrest and subsequent flight in violation of Art. of War 69, Sec. 1541, Title 10 U.S.C.A. could not change his status and deprive the military of the jurisdiction and authority over him already acquired. Barrett v. Hopkins, C.C., 7 F. 312; In re Bird, 3 Fed.Cas. page 425, No. 1428; Hironimus v. Durant, 4 Cir., 168 F.2d 288. Cf. Perlstein v. United States, 3 Cir., 151 F.2d 167.

The order denying the writ and remanding relator to the custody of respondent was right. It is affirmed.