John D. WARD, Plaintiff,

v.

William M. CHARLES, Jr., and Verne Orr, Secretary of the Air Force, Defendants.

Civ. A. No. CA-7-84-40.

United States District Court,
N.D. Texas,
Wichita Falls Division.

May 18, 1984.

Jim Lane, Fort Worth, Tex., for plaintiff.

Wayne Hughes, Asst. U.S. Atty., Fort Worth, Tex., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY LOU ROBINSON, District Judge.

Retired Air Force Major John D. Ward filed this action on May 7, 1984, seeking an injunction preventing the Secretary of the Air Force and Major General William M. Charles from convening a court-martial for purposes of holding a rehearing on his sentence, and a declaratory judgment that such a court-martial would lack personal jurisdiction over him. Pursuant to Fed.R. Civ.P. 65(a)(2), the Court advanced trial of this action on the merits and consolidated it with the hearing on the application for injunctive relief. Upon reviewing the evidence presented, and the briefs and arguments of counsel, the Court enters the following findings of fact and conclusions of law.

*Findings of Fact*

The essential facts have been stipulated by the parties.

On May 28, 1981, Captain Ward was court-martialed at Clark Air Force Base in the Phillipines and found guilty of presenting for payment a false and fraudulent claim against the United States, larceny by receiving payment of this claim from the government, two specifications of obtaining government services under false pretenses, and five specifications of aiding and abetting the making of a false writing in connection with a claim against the United States presented for approval and payment by two other servicemembers, in violation of Articles 132, 121 and 134 of the Uniform Code of Military Justice, 10 U.S.C. §§ 932, 921 & 934.

The members of the court-martial sentenced Captain Ward to be confined at hard labor for two years, to forfeit $800 pay per month for two years, and to be reprimanded. The convening authority approved this sentence. The United States Air Force Court of Military Review affirmed the findings of guilt and the sentence. *United States v. Ward*, 13 M.J. 626 (A.F.C.M.R. 1982).

The United States Court of Military Appeals reversed and set aside the findings of guilty on the charges of presenting a false claim in violation of Article 132(1)(B) and obtaining government services by false pretenses in violation of Article 134. The Court also reversed and set aside the sentence. *United States v. Ward*, 16 M.J. 341 (C.M.A.1983). The case was remanded with the following directions:

A rehearing on [the set-aside charges] and the sentence may be ordered. If a rehearing on [the set-aside charges] is deemed impracticable, those Charges may be dismissed and a rehearing on sentence held based on the remaining affirmed findings of guilty.

*Id.* at 353.

On March 23, 1984, Major General William M. Charles issued a General Court-Martial Order dismissing the charges reversed and set aside by the Court of Military Appeals, and ordering a rehearing on the sentence only before a new court-martial.

Captain Ward, in the meantime, had served 14 months of his sentence at Fort Leavenworth, Kansas, and had been returned to active duty at Sheppard Air Force Base in Wichita Falls, Texas. While his case was pending before the Court of Military Appeals, he completed his 20 years of service and, despite his request to re-

main on active duty, was retired with the rank of major. The parties agree that this retirement severed all his connections with the military and returned him to civilian status. After receiving the General Court-Martial Order of March 23, 1984, the plaintiff filed a petition with the Court of Military Appeals seeking to block the rehearing for lack of personal jurisdiction. The petition was denied.

*Conclusions of Law*

The sole issue presented in this case is whether the court-martial rehearing his sentence has personal jurisdiction over the plaintiff.

■ The government contends that this Court should refrain from intervention based on the Supreme Court's ruling in *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975). Plaintiff has, however, followed the same procedures as the plaintiff in *Wickham v. Hall,* 706 F.2d 713 (5th Cir.1983). The Court finds, therefore, that Ward has exhausted his military remedies on the issue presented and this Court should not refrain from deciding the issue. *Id.* at 715.

■ A person who commits an offense while in active service may remain subject to trial by court-martial where jurisdiction was asserted before the expiration of the period of service for which he was enlisted. 6 C.J.S. *Armed Services* § 172d at 783 (1975). The jurisdiction of the court-martial continues for all purposes of trial, judgment and execution of sentence. *Barrett v. Hopkins,* 7 F. 312, 314–15 (C.C.D.Kan. 1881). *See Calley v. Callaway,* 519 F.2d 184, 227 (5th Cir.1975), *cert. denied,* 425 U.S. 911, 96 S.Ct. 1505, 47 L.Ed.2d 760 (1976).

■ Mere subsequent change of status, even to that of a civilian, does not divest the court-martial of jurisdiction to hear and determine the case and to execute and enforce sentence. *Carter v. McClaughry,* 183 U.S. 365, 383, 22 S.Ct. 181, 188, 46 L.Ed. 236 (1902); *Peebles v. Froehlke,* 22 U.S.C.M.A. 266, 269, 46 C.M.R. 266, 269 (1973). *See Coleman v. Tennessee,* 97 U.S. (7 Otto) 509, 24 L.Ed. 1118, 1123 (1879); 16 Op.Att'y Gen. 349 (death sentence might legally be carried into effect notwithstanding the fact that the soldier had in the meantime been discharged from service).

■ Where court-martial jurisdiction has properly attached in an initial court-martial, the jurisdiction continues through a second court-martial, following the setting aside of the findings and sentence of the first court-martial by an appellate court, even though the accused's enlistment term may have expired by the time of the second court-martial. *Gorko v. Commanding Officer, Second Air Force,* 314 F.2d 858, 860 (10th Cir.1963).

■ There is no question that military jurisdiction properly attached before Plaintiff was retired from the Air Force. The rehearing on his sentence is simply a continuation of the criminal proceedings initiated against plaintiff while he was in the service. The Court finds that plaintiff is still subject to military jurisdiction and that the court-martial convened by the General Court-Martial Order of March 23, 1984, has personal jurisdiction over Ward.

The application for injunctive relief is denied.

Let judgment be entered accordingly.