By the Court

The statute expressly requires assessors to make *380 and lodge in the clerk’s office, or in their own, if they have one, an invoice or valuation, from which the rates or assessment shall have been made, together with an exact copy of the assessment, that the inhabitants, or others rated, may inspect the same.
If we could discover neither the necessity nor use of this provision of the law, it would not be for us to dispense with it. But many valuable purposes are answered by it. In case of farms in the occupation of tenants, the tenant is liable to be taxed for the whole farm, with the stock, &c., upon it; but there may be a special agreement between him and his landlord, that the tax on certain parts of the property shall be paid by one, and the remainder by the other. For this purpose it is necessary and proper that they be able to ascertain the amount of the tax on the several parts.
Further, how is a person taxed to show his estate overvalued by the assessors, in comparison with those of his neighbors, if no valuation is made, or open to inspection ? How is he to make his appeal to the Sessions for the same end, when the assessors refuse to do what he thinks just, unless he can show that he is taxed for more property than he possesses, or that what he does possess [ * 433 ] has been valued too high ? To this * it may be added that every one taxed has a concern in the whole valuation and assessment; for if they are illegal in any part, any one may iesist payment of the portion of the tax demanded of him.
The public revenue of this commonwealth arises principally, and that of towns and parishes arises wholly, from assessments upon polls, upon the value of property possessed by the citizens, and upon their income from their several occupations and employments; and ' not, as in most other countries, by taxes upon certain specific articles. This value can only be ascertained, for the purpose of assessments, from the returns to be made by the persons liable to taxation, and, in case of their failure or neglect, by an estimate to be made by the assessors, known in our country by the word dooming. In whichever of these modes the result is obtained, it is equally required by law that a list and valuation of each individual’s taxable property be made and preserved for the inspection of all interested in the assessment. This furnishes a considerable check to the assessors, and affords a protection to the citizens against prejudice, partiality, or inattention.
In the case before us there appears to have been no such lists and valuation made by the assessors of the parish, nor any by those of the town, a reference to which latter by the parish assessors might perhaps have been sufficient. The book submitted to us was the only one existing. This must be either a valuation, or an assessment ; it cannot be both; indeed it is merely an assessment. The *381 first page, which is the only part that bears any resemblance to a valuation, contains no list of the number, nor estimate of the value of the taxable articles possessed by the respective inhabitants or other persons liable to assessment. To receive this as evidence of a compliance with the statute, would be to render null and void all its beneficial intentions in this regard, and to preclude all remedy against the carelessness or corruption of assessors. However upright and well-intentioned * the conduct of the [ * 434 J defendants in this case may have been, an adherence to these requirements of the law is too necessary to permit us to dispense with them, and there must be

Judgment according to the verdict.

0J” The Chief Justice, having been of counsel for the defendants, did not sit in this cause.