### JACOB W. WATSON *vs.* INHABITANTS OF PRINCETON.

A tax is not rendered void by the omission of the assessors to tax all the property of an individual which ought to be taxed.

When one is taxed and pays more than his due proportion of a town tax, in consequence of the omission of the assessors to tax other persons their due proportion, he cannot maintain an action against the town, for money had and received, to recover back any part of the tax so paid.

THIS action, which was assumpsit for money had and received, was submitted to the court upon a statement of facts, in substance as follows :

The plaintiff is an inhabitant of the town of Princeton, and was taxed there in the year 1840, the sum of $76·20, which he paid. Joseph Mason and Moses G. Cheever, inhabitants of said town, were liable to be taxed and were taxed there the same year ; Mason for $100, money at interest, and Cheever for no money at interest. On the 1st of May 1840, said Mason held several mortgages to secure the payment of money, upon which mortgages he had taken formal and actual possession, and the mortgagors were in the occupation of the mortgaged estates, under an agreement that they would pay Mason, as rent therefor, the interest on the debts thereby secured, and the taxes assessed on said estates. At the time of the making of one of these mortgages, it was agreed that said Mason should then take possession ; and after the mortgage was made and possession taken by said M., it was further agreed that the mortgagor should occupy and pay rent as aforesaid ; which was accordingly done. Upon others of these mortgages, actual possession was taken by said Mason, and a certificate thereof, signed by the mortgagors, was recorded in the registry of deeds ; and said M. gave the mortgagors, at the

same time, bonds conditioned to extend the time of redemption beyond the term of three years, upon being paid, as rent for the premises, the interest on the several debts secured by the mortgages, and all taxes : The mortgagors engaged to pay the same accordingly, and thereafterwards continued to occupy, under said agreement, until after the 1st of May 1840.

At the time of making the valuation of estates, by the assessors of Princeton, in 1840, said Mason, on being interrogated :y them, as to money at interest, told them he had only $ 100 at interest, but that he had mortgages to secure $ 1200 and more, upon which he had taken actual possession of the estates mortgaged, and had also taken legal advice, and " considered that he was liable to pay taxes for said estates, but not for the money at interest, as the statute then stood."

The said Cheever also had several mortgages to secure the payment of money, on which he made, with the mortgagors, an arrangement similar to that last described, which was made by said Mason.

The assessors of Princeton, before assessing the taxes for the year 1840, gave legal notice to the inhabitants of the town to bring in true lists of their polls and estates not exempt from tax- ation. And when the assessment of the taxes for that year was made, the assessors had no knowledge of any of said bonds given by said Cheever, to his mortgagors, as aforesaid ; nor did they know of more than one such bond given by said Mason.

Said Cheever was inquired of by the assessors, as to his money at interest, and he told them, and offered to make oath, that he had no more money at interest than he paid interest for.

The above mentioned mortgaged estates were all duly taxed in 1840

*Washburn*, for the plaintiff.

*C. T. Russell*, for the defendants.

SHAW, C. J. This is an action of new impression. That is no reason, however, why it should not be maintained, if it is founded on legal principles ; but it is a reason why the grounds relied on for its support should be strictly examined.

The action is assumpsit against the town for money had and

received by them to the use of the plaintiff. The ground is, not that the plaintiff was taxed for more property, or other property, than he was liable for, nor that the tax was laid for a purpose not within the scope of the authority of the town ; but that, through error of judgment, mistake of the law, or otherwise, the assessors forbore to assess one Mason and one Cheever, inhabitants of the same town, for money at interest, for which, as the plaintiff contends, they ought to have been taxed. The facts are stated, upon which it is contended that they ought to have been so taxed. But the court are of opinion that the question, whether those persons ought to have been taxed for a larger amount, cannot arise in this action, because, if the fact were so, it would not enable the plaintiff to recover in this action.

It has often been held, that the omission to tax any particular individual, who may be liable, does not render the whole tax illegal and void ; and it would be scarcely possible to assess a valid tax, if it were otherwise. *Williams* v. *School District in Lunenburg*, 21 Pick. 81. Besides ; the assessors are not the agents of the town, so as to render the town responsible for their errors and mistakes, or even for their negligence. They are public officers, whose functions and duties are regulated by law ; and it is only for want of integrity or fidelity in the discharge of their official duties, that they themselves are liable. Rev. Sts. *c.* 7, § 44.

The plaintiff, therefore, has no ground to contend that the tax was void, that he was not liable to be assessed, or that he was assessed for more property than he was liable for. But the gravemen of his complaint is, that other persons were not taxed enough, by means of which his rate was higher than it should have been. This cannot be inquired into, in an action against the town for money had and received. The tax was rightfully assessed on him, and the money paid in due course of law. Besides ; as the amount alleged to be overpaid is not capable of being distinctly designated or ascertained by mathematical computation, it would impose on the jury the necessity of revis

ing the valuation and taxation of the whole town, and re-adjusting the proportion which each inhabitant ought to pay. And if this can be done, in a common law action, at the suit of any one inhabitant, the same may be done at the suit of every other ; a course of proceeding obviously impracticable. But we think it is only in case one has been taxed, who was not liable to taxation, or when an entire tax is void, and the amount of such void tax assessed to each inhabitant, and paid by the party complaining, is capable of being determined by arithmetical computation, that money had and received will lie to recover it back of the town. *Torrey* v. *Millbury*, 21 Pick. 64. The case of *Thurston* v. *Little*, 3 Mass. 429, cited in the argument as an authority for the maintenance of this action, was a case where the entire tax was illegal and void.

If a tax has been assessed and collected, under a vote of the town directing a tax to be assessed for a purpose not within the scope of the municipal authority of towns, the vote is unauthorized, the tax is void, and the money, thus compulsorily paid by the inhabitant, is required of him without legal authority, and the entire amount, paid by any one, is money which the corporation cannot retain *ex æquo et bono ;* and in such case assumpsit for money had and received will lie to recover it back.

But where an individual has been taxed too much, if he has complied with the law and put himself in a condition to assert his legal rights, he may claim an abatement ; and if his claim is not allowed, he may appeal to the county commissioners. If they decide against him, and such decision turns on any question of law, and he deems it erroneous, he may take care to have the facts and the grounds of decision fully stated, in the form of exceptions, or otherwise, and thus bring the case to this court for decision.

Various other remedies may be resorted to, to secure just and legal taxation. The law is strict in requiring that the whole valuation shall be seasonably laid before all the tax-paying inhabitants, in order that any omission, mistake or inequality, may be corrected, before the tax is collected. It is for the interest of the town, and of the inhabitants generally, that each inhabitant

liable should be taxed, and to the extent of his liability; and there-
fore it must be presumed to be the inclination of assessors to im-
pose rather than omit a tax, in case of doubt, leaving the indi-
vidual aggrieved to raise the question, if he shall think fit. And
the final remedy, if the inhabitants believe that their assessors
are acting upon erroneous principles, is to elect others in their
places.

*Judgment for the defendants.*