WILLIAM D. KIRCHICK, trustee,[1] *vs.* M. LINDSAY GUERRY
& others.[2]

Suffolk. February 5, 1999. - March 10, 1999.

Present: WILKINS, C.J., ABRAMS, LYNCH, GREANEY, FRIED, MARSHALL, & IRELAND, JJ.

*Trust,* Power of appointment. *Taxation,* Estate tax. *Practice, Civil,* Dismissal.

This court declined to address the issue (the date on which a power of ap-
pointment was created) presented in a complaint for instructions filed by
the trustee of a trust, where Federal law governed and there were no State
interests or duties that would be affected by a decision of this court. [217]

CIVIL ACTION commenced in the Suffolk Division of the
Probate and Family Court Department on January 12, 1996.

The case was reported to the Appeals Court by *Nancy M.
Gould,* J. The Supreme Judicial Court granted a request for
direct review.

*Peter F. Zupcofska & William D. Kirchick* (*Judith G. Eding-
ton* with them) for the plaintiff.

*Mary H. Schmidt,* guardian ad litem.

*Jonathan S. Cohen,* of the District of Columbia, for the
United States, amicus curiae.

IRELAND, J. The trustee of an inter vivos trust brought a
complaint for instructions under G. L. c. 215, § 6, in the Probate
and Family Court as to whether a testamentary power of ap-
pointment held, but not exercised, by Rachel Matthews was cre-
ated in 1931, when the trust was originally created, or at a later
date when certain revisions were made to the trust. The
defendants are the beneficiaries of the trust.[3] On the joint request
of the parties, the judge reported the case to the Appeals Court.
We then granted the trustee's application for direct appellate

---

[1]Of the marital trust under the Richard B. Clark Trust.

[2]Beneficiaries of the Richard B. Clark Trust.

[3]A guardian ad litem represents the minor, unborn, and unascertained
beneficiaries.

review. We conclude that the action presents no State law issues for this court to decide and was brought for the sole purpose of attempting to influence a pending Federal estate tax refund case. Consequently, we decline to answer the issue presented by the trustee, and remand the action with an order to dismiss the complaint. Should the Federal District Court, before which the estate tax refund suit is pending, wish to certify a question of Massachusetts law to us, there are well-established procedures for doing so. See S.J.C. Rule 1:03, as appearing in 382 Mass. 700 (1981).[4]

## I

Richard Clark (settlor), a resident of New Jersey, created an inter vivos trust in 1931. The trust provided that it was to be governed by the laws of Massachusetts. The trust stated that, on the settlor's death, the trust income was to be paid to his wife, Rachel Clark,[5] until the settlor's oldest child reached twenty-five years of age. At that time, Matthews would receive one-half of the trust income for life, the other half going to the settlor's children and the issue of any deceased children of the settlor. On the event that Matthews outlived the settlor and all of his issue, Matthews would have a general testamentary power of appointment over one-third of the trust property.

The settlor expressly reserved the right to amend the trust. Between 1931 and 1954 the trust was amended six times.[6] The 1954 amendment provided that, if Matthews survived the settlor, the trust would be divided into two shares with Matthews receiving a life estate in the income of one share, and a general testamentary power of appointment over that share.

Matthews died in 1990. In her will she specifically refrained from exercising her power of appointment. Because she did not exercise her power of appointment, the trust property passed to

---

[4]The United States submitted an amicus brief, and was allowed to participate at oral argument. In general, its position is that there is no State law issue to be decided, and that the only reason this suit was filed was to obtain a State court judgment which could then be presented as being dispositive on the central issue in the ongoing Federal tax case. In the alternative, the United States argues that the power of appointment was not created until the 1954 amendment to the trust.

[5]Rachel Clark was married to the settlor, Richard B. Clark. After Richard Clark's death, she remarried and, at the time of her death, was known as Rachel Matthews.

[6]The trust was amended in 1936, 1939, 1942, 1946, 1953, and 1954.

the settlor's children and their issue, as stipulated by the trust. The trust property was not included in Matthews's estate by her representatives. Whether it should be included in her estate, for Federal tax purposes, is the central issue in a pending estate tax refund suit in the United States District Court for the Southern District of Florida. When the power of appointment was created is the pivotal question in making this determination. If created prior to October 21, 1942, the property subject to the power of appointment is not taxable as part of her estate. See I.R.C. § 2041(a)(1) (1994).

## II

The present action was brought by the trustee as a complaint for instructions as to whether the power of appointment held by Matthews at her death was created in 1931 or in 1954. It is apparent that the sole reason this suit was filed was to obtain a State court ruling which could then be used by the trustee in the pending Federal tax case under the holding of *Commissioner of Revenue* v. *Estate of Bosch*, 387 U.S. 456, 465 (1967). Although asked several times at oral argument to do so, the trustee points to no duty or issue which turns on the outcome of the present action *other* than estate tax liability under Federal law. This case is unlike the many cases, see, e.g., *Fleet Bank* v. *Fleet Bank*, *post* 1003 (1999), and cases cited, in which we reform a trust to conform to a settlor's presumed intent to minimize Federal estate taxes. In those cases we are asked to correct a drafting error which subverts the settlor's intent. Here the trustee does not ask us to correct a drafting error, but rather, to decide the date on which a power of appointment was created. As the amicus correctly argues in its brief, the date on which the power of appointment is deemed to have been created for Federal tax purposes, the true issue in dispute, is a matter of Federal law. See 26 C.F.R. § 20-2041-1(e) (1998). We decline to answer the question presented because the pivotal issue is governed by Federal law, and because there are no State interests or duties that would be affected by our ruling. See generally *Mazzola* v. *Myers*, 363 Mass. 625, 633 (1973). The matter is remanded to the Probate and Family Court with an order to dismiss the complaint for instructions.

*So ordered.*