Welsh, J.
The plaintiff seeks a declaration[2] that his employer is not entitled to withhold Social Security taxes from his wages. The court allowed a motion to dismiss the action for failure to state a claim upon which relief may he granted. The motion judge dismissed the appeal as untimely.
It is unnecessary to consider the basis cited for the judge’s action in dismissing the appeal
The dismissal of the action was correct The district court lacks subject matter jurisdiction of the claim. Indeed, the courts of this Commonwealth lack jurisdiction in such a case. The question of whether or not the plaintiff’s employer is required to withhold Social Security taxes is an issue within the exclusive jurisdiction of the Federal Courts. This is not a case in which a question of interpretation of a federal statute arises incidental to a suit involving an interpretation of a will, trust or other instrument creating or affecting a property interest in Massachusetts. Compare Babson v. Babson, 374 Mass. 96, 101 (1977). The present controversy goes to the very essence of the federally created obligation to withhold Social Security taxes. Any determination of that issue by the courts of Massachu *107 setts would not be binding on the Federal tax authorities. Mazzola v. Myers, 363 Mass. 625, 633 (1973). This is a matter to be decided under Federal tax law. Since a judgment would not be binding on the Federal tax authorities, the court ought to decline to act upon the Federal question raised by this case.
Where the fundamental issue sub iudice is a matter of Federal tax law and where there are no state interests involved or affected by the ruling, dismissal is required. Kirchick v. Guerry, 429 Mass. 215, 217 (1999).
The question of subject matter jurisdiction may properly be raised by the. court sua snonte at any stage of the proceedings. ROPT Ltd. Partnership v. Katin, 45 Mass. 601, 603-605 (2000).
It is ordered that the action of the Trial Court allowing the motion to dismiss for failure to state a claim is affirmed.
So ordered.

 The one-trial system empowers equitable and declaratory relief when incidental to or conjoined with a money damage claim within the purview of the district courts jurisdiction. St 1996, c. 358, §3. The grant of declaratory relief does not alter the subject matter jurisdiction vested in courts having authority to grant such relief Sisters of Holy Cross of Mass. v. Brookline, 347 Mass. 486, 491 (1904). In the view we take of tiie case, it is unnecessary to consider whether dismissal of this action was required because the declaration of right sought was neither ancillary to nor conjoined with a money damage claim. See Brossi v. Fisher, 1999 Mass. App. Div. 99, 101.