PATRICIA SCULLY LINEHAN & another,[1] trustees,[2] *vs.* PATRICIA SCULLY LINEHAN & others.[3] April 28, 2009. *Trust,* Taxation, Power of appointment. *Practice, Civil,* Declaratory proceeding.

The trustees of the Madeleine Scully Globe Trust (trust) commenced this action in the county court, seeking a declaratory judgment, pursuant to G. L. c. 231A, upholding the exercise of a power of appointment created in the trust. They argue that under the terms of the trust, the settlor's late son Donald, the holder of the power, could validly appoint his share of the trust property in further trust for the benefit of his spouse and issue, as he did in his will. A single justice of this court reserved and reported the case to the full court. For the reasons that follow, we are constrained to deny the requested relief.

Despite their invocation of G. L. c. 231A, the trustees have not made the threshold jurisdictional allegation that an actual controversy exists. It is apparent on the record that there is no actual controversy among the parties. The defendants, who are Donald's widow and children, have admitted the factual allegations in the complaint and have assented to the entry of the requested

---

[1]BNY Mellon, N.A.

[2]Of the Madeleine Scully Globe Trust.

[3]Kevin Coleman Scully, Elizabeth Scully Marchewka, Susan Scully Dwelley, and Alma C. Scully.

declaratory judgment. Although we have sometimes granted similar relief in trust cases that lacked the usual adversary characteristics, those cases typically involved evidence of an adverse position taken by the Internal Revenue Service (IRS), e.g., *Dana* v. *Gring*, 374 Mass. 109, 112 (1977) (IRS took position that trust property was includible in decedent's gross estate for tax purposes); *Babson* v. *Babson*, 374 Mass. 96, 98 (1977) (IRS took position that decedent's will did not intend maximum estate tax marital deduction); *Persky* v. *Hutner*, 369 Mass. 7, 12 (1975) (IRS disallowed charitable deduction), or of some uncertainty that affected the trustees' ability to fulfil their duties or to plan for future events. *Shawmut Bank, N.A.* v. *Buckley*, 422 Mass. 706, 709-710 (1996) (executors unable to fulfil their duties without instructions from court). There is no such evidence here. The trustees allege only that if Donald's exercise of the power of appointment is deemed invalid, his children "could" face "possible" adverse tax consequences. They offer no evidence that the IRS has in fact imposed any such consequences or that it has taken a legal position adverse to the parties' interests.[4] They have not shown that a decision from this court is necessary to "facilitate their dealings with the [IRS]" or that they have explored "alternative resolutions satisfactory to the [IRS]." *Walker* v. *Walker*, 433 Mass. 581, 582 & n.5 (2001). Moreover, the trustees do not allege that, without a decision from this court, they would be unable to fulfil their present duties or to plan for future events. In particular, they do not request instructions as to how to distribute Donald's share of the trust assets[5]: into further trust, as directed in his will in the exercise of the power of appointment, or outright to his children, as directed in the trust in the event of a failure to exercise the power. In sum, the trustees have not demonstrated that a ruling from this court would resolve an actual controversy or provide guidance as to any future course of action. In these circumstances, we decline to issue a declaratory judgment under G. L. c. 231A.[6]

A judgment shall enter in the county court dismissing the complaint without prejudice.

*So ordered.*

*Robert J. Morrill* for the plaintiffs.

---

[4]While the IRS has not been named as a party to this case, the trustees have provided it with a copy of the complaint. As far as we are aware, the IRS has not responded or taken any position on the issues presented in this case.

[5]There is some suggestion in the record that Donald's share may in fact have already been distributed, although that is not entirely clear.

[6]If an actual dispute with the IRS arises in the future, the parties may resubmit their request for relief in the county court, along with an affidavit or other evidence showing that the matter has become ripe, and we will be in a position at that time to address the merits of the parties' claim for declaratory relief.