NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11651

BANK OF AMERICA, N.A. & another,[1] trustees,[2] vs.
VICTORIA BABCOCK & others.[3]


October 28, 2014.


Trust, Taxation.  Taxation, Marital deduction.  Practice, Civil,
     Declaratory proceeding.


     The trustees of the Indenture of Trust of Hollis W. Plimpton, Jr., dated June 24, 1964, as amended, also known as the Hollis W. Plimpton, Jr. Family Trust (trust), filed a complaint in the county court, pursuant to G. L. c. 231A, seeking a declaration that the trust as drafted correctly expresses the intent of Hollis W. Plimpton, Jr. (settlor) that his estate be eligible to obtain the optimal benefit of allowable Federal and State estate tax marital deductions.[4]

_____

     [1] Peggy L. Plimpton.

     [2] Of the Indenture of Trust of Hollis W. Plimpton, Jr., dated June 24, 1964, as amended.

     [3] Priscilla Morphy; Hollis W. Plimpton, III; Charles Babcock; John Babcock; Caroline Baptista; Sarah Babcock; Calvin Morphy; Katherine Morphy; Victoria Morphy; Hollis W. Plimpton, IV; Christopher Plimpton; Elizabeth Catherine Morphy; the Attorney General; the Commissioner of Internal Revenue; and the Commissioner of the Department of Revenue.  Neither the Attorney General nor the commissioners have appeared in the case.

     [4] It is undisputed that the trust, as amended, was intended to qualify as a qualified terminable interest property (QTIP) trust, pursuant to 26 U.S.C. § 2056(b)(7).  Because of the settlor's failing health and a concern that at some point he

Alternatively, the trustees seek an order rewording a portion of the trust to ensure that it accomplishes the settlor's intent, pursuant to G. L. c. 215, § 6. A single justice of this court reserved and reported the case to the full court.

Litigants have sought reformation of trusts, and judicial declarations of rights in will and trust cases, from this court in a variety of situations under the Bosch rubric. See Commissioner of Internal Revenue v. Estate of Bosch, 387 U.S. 456 (1967). The cases raise issues of State law, which the parties have asked us to resolve because of their Federal tax implications. See Walker v. Walker, 433 Mass. 581, 582 (2001); Kirchick v. Guerry, 429 Mass. 215, 217 (1999) (court decides State law issues in Bosch cases, not Federal law issues). "We have decided [such] cases . . . not only when the parties have been actively engaged in disputes with the Internal Revenue Service, but also, on occasion, when the parties have sought decisions that would enable them to plan their estates correctly and to prepare effectively for future tax consequences." Walker v. Walker, supra at 582-583 (2001). See Shawmut Bank, N.A. v. Buckley, 422 Mass. 706, 709-710 (1996); Billings v. Fowler, 361 Mass. 230, 233-234 (1972). In the latter category, our cases have involved situations where there is a clear mistake in the drafting or some real uncertainty about the meaning of an instrument that would lead inevitably to adverse tax consequences in the future. See, e.g., Hillman v. Hillman, 433 Mass. 590 (2001). See also Linehan v. Linehan, 453 Mass. 1017, 1018 (2009), and cases cited.

These features are noticeably absent from the case before us. There is no indication of any adverse ruling or position

---

might no longer possess the physical and mental capacity to make gifts as he had throughout the years, the trust was amended during his lifetime to authorize the bank trustee to make certain gifts from the trust in his behalf. The amendment allowed the bank, during the settlor's lifetime, to make gift-tax free "annual exclusion" gifts; taxable gifts to the settlor's descendants; and gifts to charities that he had supported throughout the years. After the settlor died, the bank became concerned that, because the amendment authorized gifts to the settlor's children and to charities during his lifetime, and distributions to his surviving spouse after his death, the trust might be misconstrued to permit distributions to the children and charities after his death. It is this possibility that the trust might be misconstrued that the trustees seek to eliminate by way of this action.

taken by the Internal Revenue Service; nor is there any claim of a mistake in drafting or a real uncertainty concerning how the instrument is to be interpreted.  To the contrary, the drafting attorney and the parties take the position that there was no mistake, in other words, that the instrument was drafted exactly as planned and that a careful reading of the instrument leads to the desired result consistent with the settlor's intent.  They do not claim to be in any serious doubt about how properly to administer the estate under the language of the instrument.  See Linehan v. Linehan, supra at 1018 (dismissing complaint and declining to grant declaratory relief; noting absence of any actual or likely dispute with Internal Revenue Service, and absence of any claim of uncertainty or that trustees would be unable to fulfil their duties without judicial guidance).  Contrast Shawmut Bank, N.A. v. Buckley, supra at 709-710 ("Here, the parties explain that the current uncertain state of Mary's will has an impact on their present decision-making.  The executors of Mary's will claim that if we do not provide them with a definitive construction of the troubling language in Mary's will, they will be unable to fulfil their present duties").

The trustees in this case claim only to be concerned that the trust language might be misconstrued (presumably by the taxing authorities) in the future and, as a preemptive measure, they ask this court to declare that it operates in the manner they understand it to operate.  Far from there being any controversy, mistake, or uncertainty of the type that we have historically considered under the Bosch rubric, there is an affirmative belief that there has been no mistake; there is no demonstrated problem with the language of the trust as drafted and no real uncertainty on the part of the trustees as to how to proceed under it; there is only a claimed possibility that the trust language might be misconstrued by others in the future.

This is not an appropriate situation for a declaratory judgment or instructions on how to proceed, since the trustees are not in doubt as to their interpretation of the trust or how to effectuate it.  Nor is it an appropriate situation for a reformation, there being no proof of a mistake of any kind.  The apparent objective of the parties -- to insure by declaration or reformation that no one in the future misconstrues the document -- while understandable as a precautionary measure, is not something that justifies judicial involvement under the guise of Bosch.

A judgment shall enter in the county court declaring that this is not a suitable occasion for the type of relief sought, and dismissing the complaint without prejudice.[5]

So ordered.

The case was submitted on briefs.
Barry C. Klickstein & Jillian B. Hirsch for the plaintiffs.

---

[5] In the future, cases such as this adequately can be resolved in the Probate and Family Court.  See O'Connell v. Houser, ante    ,      (2014).